**REINHEIMER v GREENVILLE (City)**

Ohio Appeals, 2nd Dist, Darke Co
No. 374.  Decided Dec 17, 1930

S E. Mote, Greenville, for Reinheimer.
Emerson Thomas, Columbus, for City.

574

**HORNBECK, J.**

There is nothing in the record to indicate that Greenville has an ordinance providing for automobile licenses under which the defendant was a licensee. In the absence of such showing, the action revoking the license to drive is unauthorized and without effect. We think the provision of the ordinance invoked is incapable of execution in this case because there is no subject matter upon which it may operate.

Coming to the weight of the evidence: This case is very close indeed on the matter of proof. All of the testimony tending to establish the intoxication of the defendant comes from the arresting officer, those authorized to assist in the arrest or other police officers. Considerable of the testimony touching the intoxication of the defendant relates to his condition after it is admitted that he had been struck twice over the head with a billy and at a time when his condition might have been caused by the blows as well as by intoxication. The evidence fairly establishes that there was considerable force used upon the defendant, bordering very closely, if not reaching, the place where it was excessive. It is not denied that one of the fingers of the defendant was broken.

The arresting officer, Grover Hauser, is the only individual who testified to the defendant's state of intoxication before the time he was hit, but Carl King and Raymond Mong say that soon thereafter he was intoxicated and that they detected the smell of liquor on his breath. Fred Herman testified that the defendant was drunk and Omer Coates said that when he saw him in his opinion he had theretofore been drunk. This last statement is probably in the field of expert testimony. Objection is made to the testimony of witnesses expressing an opinion whether or not the defendant was intoxicated without describing in connection therewith the facts upon which they based their opinions. This form of opinion testimony is proper.

When it appears that an individual in all probability has sufficient experience to express an opinion as to whether or not a man is drunk or sober and opportunity to observe him he may do so without further explanation. The rule is well recognized and so stated in 22 Corpus Juris, 599.

On behalf of the defendant, in addition to his own testimony, he offered that of his mother, his wife, his father, his aunt and Clarence Swabb, who probably is related to the defendant, but in what degree does not appear in the record. Their testimony, if true, definitely establishes that it would have been a physical improbability for the defendant to have been drunk at the time claimed by the prosecution, because he is established as being sober as late as 10:15 o'clock or a little after and the time of the arrest was 10:30 P. M.

The situation, therefore, presented is peculiarly one of direct conflict in the testimony and is controlled by the fourth proposition of the syllabus in **Breese v State, 12 Oh St, 146:**

"A judgment will not be reversed because the verdict is contrary to the evidence, unless it is manifestly so, and the reviewing court will always hesitate to do so where the doubts of its propriety arise out of a conflict in oral testimony."

A proper decision in this case depended upon a determination of the credibility of the witnesses. If the statements of the witnesses for the prosecution were true, it is established by the requisite degree of proof that the defendant was intoxicated, and the Court had a right so to find. It is not denied that he was driving his automobile immediately before his arrest. We therefore must affirm the judgment.

KUNKLE, PJ, and ALLREAD, J, concur.