CITY OF COLUMBUS, APPELLEE, *v.* BLANCHARD, APPELLANT.

(No. 7279—Decided June 4, 1963.)

*Mr. John C. Young*, city attorney, and *Mr. Howard P. Lowe*, for appellee.

*Mr. George E. Tyack* and *Mr. Paul Scott*, for appellant.

TROOP, J. This appeal is taken from a judgment entered in the Columbus Municipal Court, following the return of a verdict of guilty by a jury. Defendant, appellant herein, was charged with operating a motor vehicle while under the influence of alcohol on August 12, 1962. He was arrested following a collision with a parked automobile. At the trial of the case, the prosecution rested, following which the defense rested and then made a motion to dismiss the action upon the ground there was a failure to establish that the defendant was under the influence of alcohol. Amplifying their contention counsel argued as follows:

"There has been no testimony whatsoever, no opinion testimony that any officer or any witness that has appeared that gave an opinion that this man was under the influence of alcohol."

The motion was overruled, the court charged the jury, a verdict of guilty was returned, and the court sentenced the defendant.

Defendant lists five assignments of error. Number two is mistakenly included since the case was actually tried to a jury. The fifth is perfunctory. For their first assignment of error counsel urge that the trial court erred in failing to sustain defendant's motion to dismiss made at the conclusion of all the evidence. In oral argument and written brief counsel make essentially two points in support of the claimed first error. First, nobody testifying expressed the opinion that the defendant's condition was due to his being under the influence of alcohol, and second, the prosecution did not show that his condition was not caused by the apparent blow on the nose about which there was some testimony.

Those testifying in the instant matter were laymen and not experts respecting any phase of the case. They reported

what they saw and heard directly, which testimony was before the jury and submitted to it under an appropriate charge by the trial court. Any opinion that might have been expressed by police officers or citizens was neither required nor necessary. In the case of *Reinheimer* v. *City of Greenville* (1930), 9 Ohio Law Abs., 573, we find a rule announced at page 574. It reads as follows:

"When it appears that an individual in all probability has sufficient experience to express an opinion as to whether or not a man is drunk or sober and opportunity to observe him he may do so without further explanation."

Opinion evidence of nonexperts is admissible when it is shown that it is supported by experience, which may have been done with propriety in this case. The rule says that it *may* be admitted.

Whether or not this defendant was driving an automobile while under the influence of alcohol is the precise question the jury in the case was required to decide. Paragraph one of the syllabus in *Fowler* v. *Delaplain* (1909), 79 Ohio St., 279, reads as follows:

"A question to a witness which calls for his opinion on the precise issue of fact which the jury is sworn to determine from the evidence, is incompetent."

This rigid rule appears somewhat at variance with the more liberal view expressed in the *Reinheimer case, supra*, but it makes perfectly clear that the lack of opinion evidence concerning facts a jury can and should decide is in no sense fatal to the prosecution's case.

The suggestion that opinion evidence, particularly that of nonexperts, can well be excluded is found in 21 Ohio Jurisprudence (2d), 405, Section 400, and following. At page 408, Section 401, the reason for the exclusion appears as follows:

"Jurors are supposed to be competent in everything pertaining to the ordinary and common knowledge of mankind, and to be peculiarly qualified to determine the connection between cause and effect established by common experience, and to draw the proper conclusions from the facts before them."

Further at page 410, Section 402, the text reads as follows:

"But the opinion of a witness is not desirable in any case

where the jury can get along without it; it should be admitted only from necessity, and when it is likely to be of some value."

There is further discussion about opinion evidence in the pages following, but enough has been said to make it clear that the omisssion of an expressed opinion by a nonexpert concerning the condition of the defendant in the trial of this case was in no sense a fatal omission.

The case of *Masterson* v. *George F. Alger Co.* (1957), 78 Ohio Law Abs., 89, upon which defendant relies to support his point that opinion was necessary in the instant case, offers but feeble help. It is a civil case. Paragraph three of the headnotes says that there was "*no testimony*" concerning the intoxication of the plaintiff, to support the defendant's requested instruction. Nowhere is there the faintest suggestion that it was the lack of an expressed opinion that determined the refusal of the special instruction.

We turn to defendant's fourth assignment of error, that the verdict of the jury is against the manifest weight of the evidence. A review of the record reveals ample direct evidence concrning the physical condition, attitude, speech, mode of walk-- ing and standing, state of eyes, and pollution of breath of the defendant to enable the jury, using their general knowledge and experience, to reach a conclusion that the defendant was under the influence of alcohol. Attention is called to the case of *State* v. *Steele* (1952), 95 Ohio App., 107, for assistance in analyzing evidence as to the offense of operating a motor vehicle while under the influence of alcohol.

In determining whether a judgment in a criminal matter is manifestly against the weight of the evidence the record must be reviewed in the light of the criminal rule of proof beyond a reasonable doubt. Even so, the commonly emphasized requirement is that the verdict is "manifestly" contrary to the weight of the evidence. In the case of *State* v. *Johnson* (1950), 57 Ohio Law Abs., 524, the Court of Appeals of the Second Appellate District quoted and followed *Bresse* v. *State*, 12 Ohio St., 146. At page 532, the appellate court quotes the fourth paragraph of the syllabus of the *Bresse case*, as follows:

"A judgment will not be reversed because the verdict is contrary to the evidence, unless it is manifestly so, and the re-

viewing court will always hesitate to do so where the doubts of its propriety arise out of a conflict in oral testimony.''

It can hardly be said that a conflict of any kind is present in the instant case since no defense of any kind was offered. If a reviewing court should be reluctant to reverse where there is conflict in oral testimony, that reluctance should increase where the defense offers nothing to controvert the facts adduced by the prosecution.

Counsel for defendant urge that the prosecution failed to establish that defendant's condition was due to the presence of alcohol in his system rather than to a blow he presumably received in the accident. The witness Smith testified that the defendant said he was not hurt when he, Smith, inquired as to the wound and blood on defendant's nose. No objection was made to this testimony. The possible effect of a blow on the nose on the general physical condition of a person is best established by medical experts. Defense, however, elected not to produce any evidence to contest the evidence adduced by the prosecution respecting the presence of alcohol in the defendant's system or to show that the objective symptoms then in evidence were due to a blow on the nose.

Finally, defendant claims as the third error that the trial court was wrong in failing to charge the jury on circumstantial evidence. There is no further reference to this assignment of error to be found in defendant's brief. The evidence contained in the record is direct and not circumstantial. Surmising that counsel had in mind that the evidence putting the defendant behind the wheel was circumstantial justifies the observation that what we have is merely a necessary inference to be drawn from direct facts. Witness Smith testified: ''I saw him get out of the car.'' The police officer testified, ''He admitted that he was driving the automobile eastbound and had struck this car.''

This court has already determined that the driving of the automobile may be established by reasonable inference. In the decision in the case of *City of Columbus* v. *Bailey* (1962), 115 Ohio App., 19, we find this language in the opinion at page 20:

''When a collision occurs and one of the cars involved contains two passengers, and almost immediately after the accident one of those passengers gets out of the left-hand or driver's side, we believe it is a logical and reasonable inference not just

that the one who got out on the left-hand side was merely a passenger but that such person was the driver of the car."

The inference is even stronger in the instant case. There was no other passenger and a witness saw the defendant get out of the car. Such direct evidence is supported by defendant's admission, made to the arresting officer, that he was driving.

There was substantial evidence before the jury, which it evidently accepted, to prove the essential elements of the offense. The judgment of the trial court is, therefore, affirmed.

*Judgment affirmed.*

BRYANT and DUFFEY, JJ., concur.