**STATE of Missouri, Respondent,**

v.

**Nolden GARNER, Jr., Appellant.**

**No. 56817.**

Supreme Court of Missouri, Division No. 1.

June 12, 1972.

**238**

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

J. Arnot Hill, Hill & McMullin, Kansas City, for appellant.

WELBORN, Commissioner.

By information in the Jackson County Circuit Court, Nolden Garner, Jr., was charged with robbery in the first degree. A jury found him guilty but was unable to agree upon the punishment which was fixed by the court at 12 years' imprisonment.

No question of sufficiency of the evidence is presented and no detailed statement of the facts is necessary. The state's evidence showed that, at around 8:00 P.M., September 25, 1970, Delbert Thornton, while walking on a Kansas City street, was accosted by two persons, one of whom had a pistol. They demanded Thornton give them a radio he was carrying and one of them struck him in the head with the pistol. They took the radio, a cigarette lighter, some cigarettes and change from Thornton. Police arrived on the scene shortly and after a police pursuit in which Garner was shot, he was apprehended and identified by Thornton at the scene and upon the trial. Garner's testimony was that he met by chance an unknown person from whom he attempted to buy a radio and offered to trade him a pistol for it. While the negotiations were under way, police appeared and he fled because he didn't want to be charged with carrying a pistol.

Appellant's two points on this appeal relate to the giving by the court of Instruction No. 10. He concedes that the objections were not raised in the trial court and requests their consideration under the plain error rule. Supreme Court Rule 27.20(c), V.A.M.R.

Instruction No. 10, given along with the other instructions, told the jury that if they found the defendant guilty but were unable to agree upon the punishment, the court would fix the punishment. Appellant acknowledges that the instruction was in the form approved by the court en banc in State v. Brown, Mo.Sup., 443 S. W.2d 805, and that the giving of the instruction along with other instructions was authorized under State v. Brown, supra.

The claimed error in the language of the instruction will not be considered under the plain error rule, particularly in view of the denial in State v. Brown, supra, of the same contention here advanced.

Respected counsel's assertion, not otherwise supported, that, following Brown, the number of cases in which the jury has agreed on guilt but not on punishment has increased by 50% to 75% and that in nearly 100% of the cases in which the instruction is given the prosecutor attempts to take advantage of the instruction in argument, is not convincing that reappraisal of the Brown rule is called for in this case, as requested by appellant's second point.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

HOLMAN, P. J., and BARDGETT, J., concur.

SEILER, J., concurs in separate concurring opinion filed.

SEILER, Judge (concurring).

I concur, but with the reservation that if there were support in the record for counsel's assertions as to what the effect of the Brown instruction is on the trial of criminal cases in this state, I would be in favor of reappraisal of that case.