STATE of Missouri, Respondent,

v.

Eldon Owen **FISHER**, Appellant.

No. KCD 26227.

Missouri Court of Appeals,
Kansas City District.

Dec. 31, 1973.

Robert B. Paden, Pros. Atty., DeKalb County, Maysville, for appellant.

Griffin & Griffin, Bob F. Griffin, Cameron, for respondent.

Before DIXON, C. J., and PRITCHARD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Defendant was found guilty by a jury of his peers of a misdemeanor—driving a motor vehicle while intoxicated, second offense (Section 564.440 RSMo 1969, V.A.M.S.). The jury was unable to agree on defendant's punishment, whereupon the court fixed defendant's punishment at confinement in the county jail for fifteen days

(the minimum assessable punishment under Section 564.440, supra).

On appeal defendant argues, (1) that his conviction should be reversed outright because there was not sufficient evidence to sustain it, or (2) that his conviction should be reversed and the cause remanded for a new trial because the court (a) erred in failing to give a cautionary instruction (defendant did not request the giving of such an instruction) regarding defendant's credibility as a witness and (b) erred in giving Instructions No. 6 and 7 which permitted the jury to defer the assessment of punishment to the court in the event they were unable to agree upon the assessment of punishment.

Was there sufficient evidence to support defendant's conviction of driving a motor vehicle while intoxicated (second offense)? The essential elements of the statutory offense of driving a motor vehicle while intoxicated are fundamental and basic: One, driving a motor vehicle; and Two, doing so while in an intoxicated condition. State v. Campbell, 292 S.W.2d 297, 299 (Mo. 1956), and State v. Chester, 445 S.W.2d 393 (Mo.App. 1969). Defendant does not question the sufficiency of the evidence to support a finding by the jury that he was driving a motor vehicle at the time and place in question, and he voluntarily testified that he had previously been convicted of an earlier separate offense of driving a motor vehicle while in an intoxicated condition. Hence, the sufficiency of the evidence to support defendant's conviction is narrowed to whether there was sufficient evidence to support a finding by the jury that defendant was driving in an intoxicated condition. Appellate determination of the "narrowed" question of whether there was sufficient evidence to support a finding by the jury that defendant was in an intoxicated condition is subject to certain basic principles which can be succinctly stated as follows: All evidence which supports the verdict of the jury is deemed true, all inferences are indulged which favor the verdict of the jury, and all evidence and in-

ferences are disregarded that are contradictory to the verdict rendered by the jury. State v. Colthorp, 437 S.W.2d 75 (Mo.1969) and State v. Archer, 328 S.W.2d 661 (Mo. 1959). Appellate review of the sufficiency of the evidence is limited to a determination of whether there is sufficient substantive evidence to support the verdict returned by the jury. In doing so, the reviewing court must exercise scrupulosity to avoid encroaching upon the most sacrosanct of jury functions—the prerogative of the jury to weigh and evaluate the evidence and make the crucial ultimate determination of whether or not the greater weight of the credible evidence proves beyond a reasonable doubt that the accused committed the charged offense. State v. Strong, 484 S.W.2d 657 (Mo.1972); State v. Crawley, 478 S.W.2d 344 (Mo.1972), and State v. Odom, 353 S.W.2d 708 (Mo.1962).

The following facts are disclosed by the record, comportable with the controlling standards of review, in support of the jury's finding that defendant was in an intoxicated condition. Trooper Liebig of the Missouri State Highway Patrol, approximately ten minutes after receiving a radio report of a motor vehicle accident, discovered defendant at approximately 8:40 P.M. sitting behind the wheel of his automobile, which was setting upright with the motor running, at a point north of and adjacent to U.S. Highway 36, in DeKalb County, Missouri. Physical facts at the scene indicated that defendant's car left the travelled portion of the highway, went out of control, and rolled over several times. There were no physical facts indicating that any vehicle other than defendant's was involved. Trooper Liebig asked defendant to get out of his automobile, and defendant complied. Trooper Liebig at that time "detected an odor of alcoholic beverage about him", referring to defendant. The trooper, while holding defendant by the right arm, then walked defendant a distance of approximately "135 or 140 feet" to where the trooper's car was parked. There was no snow or ice on the route

walked, only "some weeds approximately six or ten inches high", but while walking to the trooper's car, defendant, although physically assisted by the trooper, "stumbled 2 or 3 times". The trooper described defendant's speech as slurred and a little bit incoherent. Upon arrival at the trooper's car, the defendant and Trooper Liebig got inside and the interior light was turned on. At that time Trooper Liebig observed that defendant's "eyes were quite blood-shot and red, blood-shot and watery", and that defendant "more or less sluffed over instead of setting straight up in the seat". While sitting approximately 2 feet from defendant in the trooper's car, the trooper observed, "there was a strong odor of alcohol about him", referring to defendant. The trooper further testified that he found a bottle of "Weston Springs straight bourbon whiskey" in defendant's car at the scene. The partially consumed bottle of whiskey was identified and admitted into evidence as a part of the state's case. Defendant admitted to Trooper Liebig that he drank two highballs prior to the time of the accident, the last one being consumed at approximately 6 P.M. according to defendant. Trooper Liebig testified that defendant did not appear to be suffering from any shock. Defendant did not receive any postaccident medical care or attention of any kind. There was no evidence that defendant consumed any alcoholic beverage of any kind after the accident.

During the course of the state's case, Trooper Liebig was asked the following question:

"Q. Do you have an opinion, Trooper, based upon your experience and observation of Mr. Fisher at the scene as to whether or not he was intoxicated?"

Trooper Liebig's answer to the above question was "yes." However, due to some inexplainable inadvertence, perhaps the pressure of trial, the state's attorney did not ask Trooper Liebig what his opinion was.

Trooper Puffer arrived at the scene to assist Trooper Liebig in his investigation. Trooper Puffer observed defendant at the scene while both were standing on the north shoulder of the highway. The distance between them was approximately a foot and a half. Trooper Puffer testified: "Mr. Fisher had a strong smell of alcoholic beverage on his breath. He was very unsteady on his feet. He leaned against me on several occasions and when talking with him there, his eyes were blood-shot and watery."

Trooper Puffer was not asked if he had an opinion, based upon his experience and observation, whether defendant was intoxicated.

The crux of defendant's attack as to the sufficiency of the evidence to support his conviction is stated in his brief as follows: "Neither Trooper Liebig nor Trooper Puffer testified in Court, that in their opinion, the appellant was intoxicated (T.20); thus, the record is completely void of this most important evidence . . . .".

■ Did the failure of any of the state's witnesses to render an opinion that defendant was intoxicated constitute a fatal omission? It is academic that lay witnesses may render an opinion as to the intoxication of another if preceded by evidentiary facts of conduct and appearance personally observed by them to support the opinion. State v. Powell, 306 S.W.2d 531 (Mo. 1957); State v. Edmonds, 468 S.W.2d 685 (Mo.App.1971), and Kansas City v. Douglas, 483 S.W.2d 760 (Mo.App.1972). Testimony substantially identical to that of Troopers Liebig and Puffer—that defendant had a strong odor of alcohol about him, that he was unsteady on his feet, that his speech was slurred, that he was incoherent, that his eyes were blood-shot and watery, that he admitted to having imbibed of alcoholic beverages prior to the accident, and that a partially consumed bottle of whiskey was found in his vehicle—has heretofore been judicially recognized as constituting a sufficient and adequate

foundation for a lay witness to render an opinion that another was intoxicated. State v. Powell, supra; State v. Persell, 468 S.W.2d 719 (Mo.App.1971); State v. Thornton, 441 S.W.2d 738 (Mo.App.1969), and State v. Paul, 437 S.W.2d 98 (Mo. App.1969).

■ Section 494.010, RSMo 1969, V.A. M.S. (titled "Qualifications of jurors"), provides: "Every juror, grand or petit, shall be a citizen of the state, a resident of the county . . . sober and *intelligent,* of good reputation, over twenty-one years of age and otherwise qualified." (Emphasis added.) This court may and will assume that each juror who sat in judgment of defendant possessed all of the statutory qualifications. Chicago, R. I. & P. Ry. Co. v. Hosman, 227 MoApp. 659, 57 S.W.2d 434 (1932). Since a lay person, if having personally observed and testified as to defendant's conduct, appearance and demeanor as testified to by Troopers Liebig and Puffer, could have rendered an admissible opinion that defendant was intoxicated, then the qualified lay jurors who sat in judgment of defendant were possessed with the requisite sagacity to determine the ultimate fact of defendant's intoxication on the basis of the testimony of Troopers Liebig and Puffer. The defendant in City of Columbus v. Blanchard, 120 Ohio App. 72, 201 N.E.2d 233 (1963) sought reversal of his conviction of operating a motor vehicle while under the influence of alcohol on the ground that no witness ever testified that in his opinion defendant was under the influence of alcohol. Addressing the point, the Ohio Court of Appeals, 1.c. 235, stated, "(T)he omission of an expressed opinion by a nonexpert concerning the condition of the defendant in the trial of this case was in no sense a fatal omission." See also Shorter v. State, 234 Ind.1, 122 N.E.2d 847 (1954). The testimony of Troopers Liebig and Puffer regarding defendant's conduct, appearance and demeanor constituted substantial probative evidence to enable the jury, by resorting to their general knowledge, experience and innate intelligence, to

find that defendant was intoxicated. Perforce, there was sufficient evidence to sustain defendant's conviction of having violated Section 564.440, RSMo 1969, V.A.M. S.

Defendant further argues that he is entitled to at least minimal relief—a new trial —because the court erred in failing to give a cautionary instruction (credibility of the witness) limiting the jury's consideration of his testimony regarding his former conviction, and erred in giving Instructions No. 6 and 7 permitting the jury to defer assessment of punishment to the court in the event they found defendant guilty but were unable to agree upon his punishment. This twofold argument finds its own negation in the prevailing and well articulated law of this state.

■ Credibility was a collateral issue which the trial court was not required to instruct on in view of defendant's failure to request such an instruction. Rule 26.02, V.A.M.R.; State v. Wing, 455 S.W.2d 457 (Mo.1970); State v. Tyler, 454 S.W.2d 564 (Mo.1970); State v. Kelley, 442 S.W.2d 539 (Mo.1969), and State v. Meller, 382 S. W.2d 671 (Mo.1964).

■ Instructions No. 6 and 7, permitting the jury, after determining defendant's guilt, to defer assessment of his punishment to the court, are free of error under State v. Brown, 443 S.W.2d 805 (Mo. banc 1969). See also the following cases subscribing to the rule laid down in *Brown*: State v. Rand, 496 S.W.2d 30 (Mo.App.1973); State v. Bolden, 494 S.W. 2d 61 (Mo.1973); State v. Daugherty, 484 S.W.2d 236 (Mo.1972); State v. Lincoln, 482 S.W.2d 424 (Mo.1972); State v. Garner, 481 S.W.2d 237 (Mo.1972); State v. Champ, 477 S.W.2d 81 (Mo.1972); State v. Gates, 471 S.W.2d 272 (Mo.1971); State v. Ransburg, 466 S.W.2d 691 (Mo.1971); State v. Thompson, 465 S.W.2d 590 (Mo. 1971), and State v. Mills 465 S.W.2d 554 (Mo.1971). *Brown* is too well entrenched in the law of this state, and too well bot-

tomed sound principle, to be disturbed by this court. Moreover, the fact that the trial court assessed defendant's punishment at the minimum permitted under the law dissolves any viable contention of prejudice resulting from the complained of instructions.

Judgment affirmed.

All concur.