**Fairfield v. Tillett**
*[Cite as 2 AOA 705]*

*Case No. CA89-05-073*
*Butler County, (12th)*
*Decided April 23, 1990*

*R.C. 4511.19*
*Evid. R. 701*
*Evid. R. 801(C)*

*Gerald G. Froelke, Fairfield City Prosecuting Attorney, 314 Society Bank Building, Hamilton, Ohio 45011, and Keith M. Spaeth 1251 Nilles Road, Suite 18, Fairfield, Ohio 45014, for plaintiff-appellee.*

*Lawrence P. Fiehrer, 723 Dayton Street, Hamilton, Ohio 45011, for defendant-appellant.*

HENDRICKSON, J.

This is an appeal by defendant-appellant Kenneth J. Tillett, from a conviction in the Fairfield Municipal Court for driving under the influence of alcohol. On February 2, 1989, at approximately 7:47 a.m., Officer Richard Davis was in his patrol car proceeding north on Ross Road in the city of Fairfield, Ohio. While stopped at the light at the intersection of Ross Road and Mack Road, Davis first observed appellant driving southbound on Ross Road approaching the same intersection. Appellant made a wide right turn onto westbound Mack Road in heavy morning rush hour traffic. Davis decided to follow appellant. While he was waiting for traffic to clear the intersection, a van pulled up next to his cruiser. The driver of the van stated that he had been following appellant's car and that appellant was "all over the road." After traffic cleared the intersection, Davis followed appellant westbound on Mack

Road and observed appellant weave several times within his lane of travel.

When Davis stopped appellant he noticed that appellant's eyes were glassy and bloodshot. He asked appellant to get out of his car. As appellant did so, he used his car door for support. Appellant again used his car for support as he walked to the rear of his vehicle. Davis asked appellant to perform several field sobriety tests, which in Davis' opinion, appellant failed.

Davis called Officer Mike Handley, who came to the scene and performed a horizontal gaze nystagmus test on appellant. Appellant failed all three subparts of the test.

Appellant was placed under arrest for driving under the influence of alcohol or drugs pursuant to section 333.01 of the Codified Ordinances of the city of Fairfield. He was taken to police headquarters where he subsequently refused to submit to a breath or blood alcohol test.

On February 23, 1989, appellant filed a motion to dismiss and/or suppress, claiming that Davis lacked probable cause to stop his vehicle and arrest him without a warrant. Following a hearing on April 14, 1989, the trial court overruled the motion. Appellant was found guilty as charged after a jury trial. This appeal followed.

Appellant presents seven assignments of error for review as follows:

ASSIGNMENT OF ERROR NO. 1:

"The Trial Court erred to the prejudice of Defendant/Appellant in overruling objection to the testimony of a police officer that Defendant/Appellant was under the influence of alcohol."

ASSIGNMENT OF ERROR NO. 2:

"The Trial Court erred to the prejudice of Defendant/Appellant in overruling the Motion to Dismiss and/or Suppress."

ASSIGNMENT OF ERROR NO. 3:

"The Trial Court committed prejudicial error in overruling the objection to the testimony of a police officer as to a conversation with an unidentified third party."

ASSIGNMENT OF ERROR NO. 4:

"The Trial Court committed prejudicial error in overruling the objection to testimony of a police officer as to the results of a Horizontal Gaze Nystagmus Test, and the opinions derived therefrom."

ASSIGNMENT OF ERROR NO. 5:

"The [T]rial Court committed a prejudicial error in overruling the objection to the testimony of a police officer that Defendant/Appellant was under the influence of alcohol."

ASSIGNMENT OF ERROR NO. 6:

"The Trial Court committed prejudicial error in overruling the Motion for Judgment of acquittal of the Defendant/Appellant."

ASSIGNMENT OF ERROR NO. 7:

"The jury verdict of guilty to the offense of operating a motor vehicle while under the influence of alcohol is contrary to law and against the manifest weight of the evidence."

In his first and fifth assignments of error, appellant argues that the trial court erred in allowing both Handley and Davis to testify that in their opinions appellant was under the influence of alcohol. Appellant contends that the record contained no factual basis for their opinion. We find these assignments of error are not well-taken.

Evid. R. 701, which governs the admissibility of lay opinion testimony, provides as follows:

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."

Lay opinion testimony is admissible if it meets the two-part test set out in the rule. See *Tomlinson* v. *Cincinnati* (1983), 4 Ohio St. 3d 66, 68; *Lee* v. *Baldwin* (1987), 35 Ohio App. 3d 47, 49. Whether a lay witness's opinion is accurate and worthy of belief is not a test of admissibility. Instead, it is for the jury to determine the credibility of the witnesses and the weight to be given to their testimony. *State* v. *Moore* (Oct. 27, 1986), Butler App. No. CA85-04-035, unreported, at 11.

It has long been the rule in Ohio that sobriety or lack thereof is a proper subject for lay opinion testimony. "When it appears that an individual in all probability has sufficient experience to express an opinion as to whether or not a man is drunk or sober and opportunity to observe him he may do so without further explanation." *Columbus* v. *Blanchard* (1963), 120 Ohio App. 72, 74, quoting *Reinheimer* v. *City of Greenville* (1930), 9 Ohio Law Abs. 573, 574.

Prior to giving his opinion, Davis testified that he had over eleven years of experience with the Fairfield Police Department and extensive experience with DUI arrests. He observed

appellant make a wide right turn and then weave within his lane of travel three or four times. When Davis stopped appellant, appellant's eyes were glassy and bloodshot and appellant used his vehicle for support. Appellant then failed three field sobriety tests. He missed his nose with the index finger of both hands when he attempted to perform the finger to nose test. When Davis instructed appellant to balance on one foot for fifteen seconds, appellant could only hold one foot off the ground for three seconds. Appellant could not walk a straight line without wobbling or swaying. Davis also testified that at the police station, he noticed a faint odor of alcohol on appellant's person.

Likewise, Handley testified that he is an eleven-year veteran of the Fairfield Police Department as well as senior operator of the BAC Verifier test, and thus observes over twelve hundred people per year who are under the influence of alcohol. Handley had the opportunity to observe appellant's demeanor and to perform the horizontal gaze nystagmus test upon him. He too testified that at the police station he detected a slight odor of alcohol on appellant's person.

In light of both officers' observations and experience, their opinions were rationally based upon their perceptions and were helpful to a clear understanding of their testimony and to a determination of a fact in issue. Their opinion concerning appellant's physical condition was an "intelligent and reasonable conclusion" based on the facts presented. *American Louisiana Pipe Line* v. *Kennerk* (1957), 103 Ohio App. 133, 143-44. Thus their opinions were admissible under Evid. R. 701. Any defects or inconsistencies in their testimony were matters of credibility for the jury to decide. Accordingly, appellant's first and fifth assignments of error are overruled.

In his second assignment of error, appellant states that the trial court erred in overruling his motion to suppress and/or dismiss. He argues that Davis did not have a reasonable suspicion that appellant was driving under the influence of alcohol, and therefore the stop of appellant's vehicle violated his Fourth Amendment rights. We find this assignment of error is not well-taken.

In the case of an investigative stop, the proper standard is not probable cause, but rather "reasonable suspicion." If there is a reasonable and articulable suspicion that an automobile or its occupants are subject to seizure for a violation of the law, stopping that automobile and detaining its occupants is reasonable under the Fourth Amendment. *Delaware* v. *Prouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 1401. A reasonable suspicion must be based on specific and articulable facts which would justify an investigative stop. *Terry* v. *Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868. The validity of an investigative stop is determined by looking at the totality of the surrounding circumstances. *State* v. *Freeman* (1980), 64 Ohio St. 2d 291, paragraph one of the syllabus, certiorari denied (1981), 454 U.S. 822, 102 S.Ct. 107.

Appellant relies on *State* v. *Geisler* (Aug. 30, 1985), Warren App. No. CA85-02-003, unreported, in which this court held that a "slightly flawed right turn was not in and of itself enough to reasonably suspect that the driver *** was driving under the influence of alcohol." *Id.* at 6.

The present case is distinguishable. Davis testified to specific and articulable facts, which, when considered along with the wide turn, justified the stopping of appellant's vehicle. He said that after appellant made the turn, another driver informed him that appellant was "all over the road." He then observed appellant weave in his lane of travel several times within a distance of a quarter of a mile. These facts, given the totality of the circumstances, gave Davis a reasonable suspicion that appellant was driving under the influence of alcohol. See *Washington Court House* v. *Mallow* (June 12, 1989), Fayette App. No. CA88-10-016, unreported. The trial court properly overruled appellant's motion to suppress and/or dismiss and appellant's second assignment of error is overruled.

In his third assignment of error, appellant claims that the trial court should not have allowed Davis to testify as to the content of his conversation with the driver of the van who told him that appellant was "all over the road." He argues that the driver's statements were inadmissible hearsay. We find this assignment of error is not well-taken.

Evid. R. 801(C) defines hearsay as an out-of-court statement offered to prove the truth of the matter asserted. The prohibition against hearsay then "does not apply to all words or utterances merely as such." If an out-of-court statement is offered without reference to its truth, it is not hearsay. *State* v. *Lewis* (1970), 22 Ohio St. 2d 125, 132-33, certiorari denied (1970), 400 U.S. 959, 91 S.Ct. 359. "For example, where statements are offered to explain an officer's conduct while investigating a crime, such

statements are not hearsay." *State* v. *Blevins* (1987), 36 Ohio App. 3d 147, 149.

The van driver's statement was not offered for its truth but to explain Davis' decision to stop appellant's vehicle. As such, it is not hearsay as defined in Evid. R. 801(C) and is admissible into evidence. Accordingly, appellant's third assignment of error is overruled.

In his fourth assignment of error, appellant claims that the trial court erred in allowing Handley to testify as to the results of the horizontal gaze nystagmus test. He argues that because Handley testified that the test is not conclusive evidence of intoxication and that other factors can affect the test results, a proper foundation had not been laid to allow the test results into evidence. We find this assignment of error is not well-taken.

In *State* v. *Earley* (Mar. 10, 1986), Clinton App. No. CA85-08-016, unreported, this court held that a properly trained police officer may testify regarding the defendant's performance on a horizontal gaze nystagmus test without the necessity of expert testimony, provided that a proper foundation is laid.

Handley testified that he had attended a thirty-two hour basic course at the Ohio Highway Patrol Academy in Columbus on the use of the test, eight hours of which was dedicated solely to actual testing of volunteer optometry students. He also attended a seminar conducted by the United States Department of Transportation through Northwestern University Traffic Institute where he received another eight hours of training on the use of the test. This course also included actual training on volunteer optometry students. Handley testified that he has trained other police departments in the use of the test and has done extensive reading in the subject. He explained the theory and principles involved in great detail. We therefore find that sufficient foundation was laid for Handley to give an opinion regarding appellant's performance during the test, and we find that the trial court did not err in determining such evidence to be admissible.

Appellant places great reliance on the fact that Handley admitted that the test is not conclusive and that certain physiological and neurological conditions such as hypertension may affect the accuracy of the test. However, these admissions do not go to the admissibility of the evidence but to its weight and matters as to the weight of the evidence were for the jury to decide. *State* v. *Walker* (1978), 55 Ohio St. 2d 208, 212, certiorari denied (1979), 441 U.S. 924, 99 S.Ct. 2033. Accordingly, appellant's fourth assignment of error is overruled.

In his sixth assignment of error, appellant claims that the trial court erred in overruling his motion for judgment of acquittal. He argues that the evidence was insufficient to establish that the consumption of alcohol had appreciably impaired his actions, reactions or mental processes. We find this assignment or error is not well-taken.

"Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each element of a crime has been proved beyond reasonable doubt." *State* v. *Bridgeman* (1978), 55 Ohio St. 2d 261, syllabus.

As can be seen from our discussion of the previous assignments of error, the state presented sufficient evidence that appellant's actions were appreciably impaired through his consumption of alcohol. However, reasonable minds could reach different conclusions as to whether the state had proven all elements of the offense beyond a reasonable doubt. Accordingly, the trial court properly overruled appellant's motion for judgment of acquittal and his sixth assignment of error is overruled.

In his seventh assignment of error, appellant claims that the jury verdict was against the manifest weight of the evidence. He argues that there was insufficient evidence from which the jury could conclude that the consumption of alcohol had affected appellant to an appreciable degree. He contends that if the consumption of alcohol had affected appellant to an "appreciable degree," there would have been testimony as to erratic driving, failure of field sobriety tests and the odor of alcohol on his person at the scene. Although Davis testified that appellant failed the field sobriety tests, appellant points out that Davis admitted that the field sobriety tests were judged by the standard for what he considers to be a "normal" person. Nevertheless, appellant failed to establish that he was not a "normal" person.

Furthermore, although Davis indicated that there was too much wind at the scene to detect an order of alcohol appellant's person, an odor of alcohol was detected at the police station. Thus, when we consider all the facts, including appellant's wide turn and the weaving in his lane of travel, there was substantial evidence from which a jury could reasonably conclude

that all the elements of the offense of driving under the influence of alcohol were proven beyond a reasonable doubt. Appellant's arguments all relate to the credibility of the evidence, which is a matter for the jury to decide. *Walker, supra.* After all, "[A] reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all elements of an offense have been proven beyond a reasonable doubt." *State* v. *Eley* (1978), 56 Ohio St. 2d 169, syllabus. Therefore, appellant's seventh assignment of error is overruled.

*Judgment affirmed.*

JONES, P.J., Concurs.
KOEHLER, J., Dissents.

KOEHLER, J., Dissenting:
I believe that appellant's second and third assignments of error are well-taken and require the reversal of the conviction below.

The record establishes that the officer observed appellant's vehicle make a "wide slow turn" and, upon that singular observation, determined that he would follow the vehicle and intended to "stop or at least follow" that vehicle. While following appellant for one-half mile, the officer saw the vehicle "weave in his own lane -- but it was a definite weave." He added that he saw the vehicle weave in his own lane two, three or possibly four times in a quarter of a mile before he stopped the vehicle. The officer confirmed that he observed no violations of traffic laws by appellant prior to the stop. The officer unable to articulate sufficient specific facts which would justify his warrantless investigatory stop of appellant.

The majority, while setting forth proper principles of law, has in my belief improperly endeavored to conform the facts to that law. The officer in this cause had nothing more than the forbidden "hunch" that appellant's driving ability was impaired. To enhance its holding, the majority has affirmed the trial court's admission into evidence of a statement allegedly made to the officer by an unknown passing motorist concerning the manner of operation of appellant's vehicle prior to its initial sighting by the officer.

At the hearing on the motion to suppress/dismiss, the trial court initially and correctly sustained defense counsel's objections to the officer's testimony concerning the third party's statement. The trial court then reversed

its finding in the belief that it was conducting a probable cause hearing at which hearsay testimony would be admissible. Later, the trial court admitted the statement for the reason that the declarant was not available.

The majority has chosen to find that the statement was properly admitted, but for the wrong reason. The majority simply concludes that the statement was not offered for its truth, but to explain the officer's conduct; that is, to explain the officer's decision to stop appellant's vehicle. The officer has repudiated such reasoning by his own testimony that he had formed the intention to stop or at least follow appellant's vehicle before hearing from the passing motorist. The majority selects from *State* v. *Blevins* (1987), 36 Ohio App. 3d 147, the following: "For example, where statements are offered to explain an officer's conduct while investigating a crime, such statements are not hearsay." It would have been more appropriate to quote from paragraph one of the *Blevins* syllabus, as follows:

"Not all out-of-court statements are hearsay, *e.g.*, some statements are merely verbal parts of acts and are, as the acts are themselves, admissible. However, in a criminal case, the potential for abuse in admitting such statements is great where the purpose is merely to explain an officer's conduct during the course of an investigation.

"Therefore, in order to admit out-of-court statements which explain an officer's conduct during the course of a criminal investigation, the conduct to be explained must be relevant, equivocal and contemporaneous with the statements. In addition, the statements must meet the standard of Evid. R. 403(A)."

In *Blevins*, Judge Strausbaugh, in discussing out-of-court statements which should be excluded, wrote as follows:

"There were, however, two instances where the court did admit out-of-court statements, over defendant's objections, which should have been excluded. Both Detective Kerins and Diehl were allowed to testify that Dyer told them defendant was the source of the marijuana. Since these statements clearly go to an element of the offense, and had little, if any, relevance to the circumstances of their meeting defendant, they should have been excluded.

"Even if the statements were not offered for their truth, the content had potential for misunderstanding by the jury and should have been excluded under Evid. R. 403(A)."

Evid. R. 403(A) provides as follows:

"(A) Exclusion mandatory. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

The essence of the charge against appellant herein is that his ability to operate his motor vehicle was impaired by the alcohol/drugs that he had consumed. Clearly, the out-of-court statement goes to an element of the offense and had little, if any, relevance to the circumstances affecting the officer's decision to fall in behind and follow appellant.

Even had the officer indicated he was alerted to and relied upon the information coming to him from the passing motorist in order to make his decision to conduct an investigatory stop, and considering this court's prior decisions in *State* v. *Geisler* (Aug. 30, 1985), Warren App. No. CA85-02-003, unreported, and *State* v. *Wagers* (May 21, 1984), Preble App. No. CA-83-10-021, unreported, it is this writer's belief that the officer had less than sufficient reason to believe that a crime was being committed and, therefore, the motion to suppress/dismiss should have been granted.

Accordingly, I dissent.