OPINION
Defendant-appellant Lisa M. Barrett appeals her conviction and sentence from the Licking County Municipal Court on one count of driving while under the influence, in violation of R.C. 4511.19(A)(1). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On June 22, 1999, Defendant-appellant, Lisa M. Barrett [hereinafter appellant], was cited for violations of speeding, in violation of R.C.4511.21(C), and driving while under the influence [hereinafter DUI], in violation of R.C. 4511.19(A)(1) and (3). Appellant was arraigned on June 29, 1999, and entered pleas of not guilty to all charges. On July 29, 1999, appellant filed a Motion to Suppress. On October 1, 1999, an oral evidentiary hearing was held on the Motion to Suppress. The trial court entered a Judgment Entry on December 6, 1999, which suppressed the BAC Datamaster test, which had been administered to appellant subsequent to arrest, and overruled the remainder of the Motion to Suppress. On May 4, 2000, the matter came to trial. Upon deliberation, the jury found appellant guilty of DUI, in violation of R.C. 4511.19(A)(1), and the trial court found appellant guilty of speeding, in violation of R.C. 4511.21(C). Appellant was sentenced that same day to 30 days in jail with 24 of those days suspended. Appellant was fined $300.00, plus court costs, and appellant's drivers license was suspended for one year. Finally, appellant was placed on probation for one year. On June 30, 2000, the trial court granted a motion by appellant for a stay of execution of sentence. It is from the conviction and sentence that appellant prosecutes this appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED BY FAILING TO DISMISS THE CHARGE AGAINST DEFENDANT OF DRIVING UNDER THE INFLUENCE OF ALCOHOL UNDER ORC 4511.19(A)(1) FOR LACK OF PROBABLE CAUSE.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED BY ALLOWING TROOPER DRAY TO GIVE OPINION TESTIMONY AS TO WHETHER DEFENDANT WAS UNDER THE INFLUENCE OF ALCOHOL.
 ASSIGNMENT OF ERROR III THE JURY'S VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 I
Appellant contends that Trooper Dray did not have reasonable, articulable suspicion leading to probable cause to arrest her for driving under the influence of alcohol and, therefore, the trial court erred when it denied appellant's Motion to Suppress on those grounds. We disagree. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See, State v. Fanning (1982),1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991), 73 Ohio App.3d 486,597 N.E.2d 1141, State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, State v. Williams (1993), 86 Ohio App.3d 37,619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172, State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v. Guysinger (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. As the United States Supreme Court held in Ornelas v. U.S. (1996), 517 U.S. 690,116 S.Ct. 1657, 134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." It is based on this standard that we review appellant's sole assignment of error. Appellant asserts that the Trooper did not have reasonable and articulable suspicion leading to probable cause to arrest appellant for driving under the influence of alcohol. Once an officer has stopped a vehicle for a traffic offense and begins the process of obtaining the driver's license and registration, the officer may investigate the driver for DUI if the officer has an articulable and reasonable suspicion that the driver may be intoxicated. State v. Evans (1998), 127 Ohio App.3d 56, 62-63. Whether the investigation for DUI is reasonable must be determined from the totality of the circumstances. Id. As to probable cause, the Ohio Supreme Court recently addressed the issue as it relates to an arrest for driving under the influence, in the case of State v. Homan (2000), 89 Ohio St.3d 421. In the Homan case, the Court explained that: In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. [Citations omitted.] In making this determination, we will examine the `totality' of facts and circumstances surrounding the arrest. [Citations omitted.] Id. at 427.
We conclude that Trooper Dray had reasonable, articulable suspicion to believe that appellant was driving under the influence and, therein to investigate. First, Trooper Dray testified that he smelled alcohol upon approaching appellant's vehicle. The smell of alcohol became "even stronger once appellant was sitting inside the Trooper's vehicle." Appellant's face was flushed and her eyes were glassy. Appellant admitted to drinking alcohol. At that point, Trooper Dray had an articulable, reasonable suspicion to investigate the DUI. Trooper Dray then administered several field sobriety tests which appellant performed poorly. Appellant failed the horizontal gaze nystagmus test, displaying six out of six clues of impairment. At that point, Trooper Dray administered the portable breathalyzer test. Appellant failed the test. Trooper Dray then asked appellant to perform the one leg stand. However, she did poorly, placing her foot down a total of eight times. Trooper Dray testified that appellant swayed back and forth while he explained the test to appellant and continued to sway while taking the test. Trooper Dray then administered the walk and turn test. Appellant did not follow the Trooper's instructions, stepped off of the line she was instructed to follow several times and lost her balance while turning. We find, based upon the totality of facts and circumstances, Trooper Dray had probable cause to arrest appellant for DUI. Appellant contends that while appellant may have displayed some indicia of alcohol consumption, Trooper Dray had no evidence to suggest that appellant's driving was impaired. Appellant argues that Trooper Dray acknowledged that appellant did not have slurred speech, was dressed and groomed well, did not have problems retrieving her driver's license and was cooperative with the Trooper. Further, for the short distance Trooper Dray followed appellant, although appellant was speeding, her driving was not erratic. However, observation of impaired driving is not necessarily a prerequisite to a conviction for DUI. See State v. Whitaker (Aug. 9, 2000), Licking App. No. 99CA140, unreported (citing State v. Lewis (1999), 131 Ohio App.3d 229, 722 N.E.2d 147). R.C. 4511.19(A)(1) requires evidence that the driver is "is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse". In Toledo v. Starks (1971),25 Ohio App.2d 162, 267 N.E.2d 824, the court defined the term "under the influence" as follows: ". . . the condition in which a person finds himself after having consumed some intoxicating beverage in such quantity that its effect on him adversely affects his actions, reactions, conduct, movement or mental processes or impairs his reactions to an appreciable degree, thereby lessening his ability to operate a motor vehicle." Id. at 166, 267 N.E.2d 824. Lack of coordination is an indication of being under the influence. See State v. Lake (Sept. 26, 2000), Morgan App. No. 99CA10, unreported. The field sobriety tests evaluate one's coordination and movements so as to indicate whether one's action, reactions, conduct movement or mental processes are impaired to an appreciable degree so as to demonstrate if one is "under the influence" to a degree to impair one's ability to drive a motor vehicle. As discussed above, when examining the totality of the circumstances, we find that the trial court's decision that there were reasonable and articulable suspicion to investigate and probable cause to arrest appellant for driving while under the influence was not error. While appellant may not have displayed every possible indication of intoxication and there are always possible explanations for certain behavior and characteristics other than intoxication, we find that there were sufficient indications of intoxication to justify Trooper Dray's actions. Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant argues that the trial court erred when it permitted Trooper Dray to give an opinion at trial as to whether appellant was under the influence of alcohol. Appellant contends that Trooper Dray was neither qualified to testify as an "expert" nor as a "lay witness." We find this assignment of error is not well-taken. The admission or exclusion of relevant evidence rests within the discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. An appellate court will not disturb a decision of the trial court to admit or exclude evidence absent an abuse of discretion and a showing that the accused has suffered material prejudice. State v. Martin (1985), 19 Ohio St.3d 122, 129, certiorari denied (1986), 474 U.S. 1073, 106 S.Ct. 837. Evid.R. 701, which governs the admissibility of lay opinion testimony, provides as follows: "If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."
Lay opinion testimony is admissible if it meets the two-part test set out in Evid.R. 701. See Tomlinson v. Cincinnati (1983), 4 Ohio St.3d 66,68; Lee v. Baldwin (1987), 35 Ohio App.3d 47, 49. Whether a lay witness' opinion is accurate and worthy of belief is not a test of admissibility. Instead, it is for the jury to determine the credibility of the witnesses and the weight to be given to their testimony. State v. Moore (Oct. 27, 1986), Butler App. No. CA85-04-035, unreported, at 11. It has long been the rule in Ohio that sobriety or lack thereof is a proper subject for lay opinion testimony. "When it appears that an individual in all probability has sufficient experience to express an opinion as to whether or not a man is drunk or sober and opportunity to observe him he may do so without further explanation." Columbus v. Blanchard (1963),120 Ohio App. 72, 74 (quoting Reinheimer v. City of Greenville (1930), 9 Ohio Law Abs. 573, 574). Prior to giving his opinion, Trooper Dray testified that he had eight years of experience with the State Highway Patrol and extensive experience with DUI arrests. When Trooper Dray stopped appellant for speeding and no license plate light, he noted that appellant's eyes were glassy and bloodshot. Trooper Dray detected the smell of alcohol upon approaching appellant's vehicle, which became "even stronger" upon appellant sitting in the Trooper's vehicle. Appellant then failed the field sobriety tests administered. During the traffic stop and arrest, Trooper Dray had an opportunity to observe appellant's demeanor. In light of Trooper Dray's observations and experience, his opinion was rationally based upon his perception and was helpful to a clear understanding of his testimony and to a determination of a fact in issue, i.e. whether appellant was under the influence of alcohol. His opinion concerning appellant's physical condition was an "intelligent and reasonable conclusion" based on the facts presented. See American Louisiana Pipe Line v. Kennerk (1957), 103 Ohio App. 133, 143-44. Thus, his opinion was admissible under Evid.R. 701. In accord, City of Fairfield v. Tillett (April 23, 1990), Butler App. No. CA89-05-073, unreported. Therefore, because Trooper Dray's testimony was admissible as lay testimony, the trial court's decision to admit Trooper Dray's testimony into evidence was not an abuse of discretion. Accordingly, appellant's second assignment of error is overruled.
 III
In her third assignment of error, appellant asserts that the jury's verdict was against the manifest weight of the evidence. Appellant submits that there is no evidence that any alcohol consumption on the part of appellant impaired, to an appreciable, noticeable or perceptible degree, her ability to operate a motor vehicle. We disagree. In reviewing whether a conviction is against the manifest weight of the evidence, our standard of review is stated as follows: The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. Trooper Dray testified that appellant was operating a motor vehicle. Trooper Dray noted that appellant smelled of alcohol, had glassy eyes and a flushed face and admitted drinking alcohol. Thereafter, appellant failed the field sobriety tests indicating a lack of coordination and impaired mental processes, i.e. that appellant was "under the influence." In Trooper Dray's opinion, appellant was under the influence of alcohol. Appellant argues that the field sobriety tests were not administered in strict compliance with protocols and, as such, do not provide sufficient evidence upon which to support the conviction. Appellant bases her argument upon State v. Homan (2000), 89 Ohio St.3d 421,732 N.E.2d 952, which held "[i]n order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures." Id. at para. one of syllabus. While this argument would have been more appropriately raised in appellant's first assignment of error, regarding appellant's Motion to Suppress and the trial court's finding of probable cause, appellant presents this argument in this assignment of error. Therefore, we will address this issue at this point. We find appellant has failed to preserve this issue for appeal. The State bears the burden of proof, including the burden of going forward with evidence, upon a proper motion to suppress by a defendant. City of Xenia v. Wallace (1988), 37 Ohio St.3d 216,524 N.E.2d 889, paragraph 2 of the syllabus. However, we find that appellant failed to raise the issue of the administration of the field sobriety test was sufficient to particularity to shift the burden to the State. Crim.R. 47 states that a motion to suppress "shall state with particularity the grounds upon which it is made." The State's burden of proof in a motion to suppress hearing is limited to those contentions that are asserted with sufficient particularity to place the prosecutor in court on notice of issues to be decided. State v. Neuhoff (1997),119 Ohio App.3d 501, 506, 695 N.E.2d 825 (relying on State v. Shindler) (1994), 70 Ohio St.3d 54, 636 N.E.2d 319 Johnstown v. Jugan (Apr. 24, 1996), Licking App. No. 95CA90, unreported). Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal. City of Xenia v. Wallace (1988),37 Ohio St.3d 216, 218-219, 524 N.E.2d 889. In the case sub judice appellant's Motion to Suppress did not contain an allegation that the field sobriety tests were not administered in strict compliance with standardized testing procedures nor allege facts to show any noncompliance. The closest appellant came to challenging the field sobriety tests in his Motion to Suppress was when he generally alleged that "[t]here was no lawful cause to stop the defendant, detain the defendant, and/or probable cause to arrest the defendant with a warrant." In the memorandum in support of the Motion to Suppress, appellant stated, in pertinent part: The provisions of R.C. 4511.19.1 are not applicable unless the defendant was validly arrested by an officer having reasonable ground to believe the defendant was operating a vehicle while under the influence of alcohol and/or drugs of abuse and was properly advised of the Ohio Implied Consent Provisions. . . . Further, it will be shown that there was no probable cause in this matter for the officer to believe that the accused was under the influence of alcohol necessitating transportation to the police department for a test. . . .
We find appellant's general assertion that there was no probable cause to arrest appellant did not provide the requisite legal and factual basis necessary to put the prosecutor and the court on notice as to this issue as raised on appeal. Further, we note that appellant failed to raise this issue at the evidentiary hearing on the Motion to Suppress. See City of Xenia v. Wallace, supra. at 221 (Ohio Supreme Court found defendant met the requirement that he place the prosecution on notice as to the grounds upon which he challenged the administration of the breathalyzer test at the evidentiary hearing itself). Therefore, we find the trial court did not improperly admit the results of the field sobriety test nor was it error when the results of the test were relied upon to find probable cause or guilt. Therefore, we find the trial court did not improperly admit the results of the field sobriety tests nor was it error when the results of the test were relied upon to find probable cause or guilt. Therefore, we cannot find that the jury lost their way nor that it created a manifest miscarriage of justice. We find the conviction was not against the manifest weight of the evidence. Appellant's third assignment of error is overruled.
The judgment of the Licking County Municipal Court is affirmed.
Edwards, J. Gwin, P.J. and Wise, J. concurs