LEE ET AL., APPELLANTS, *v.* BALDWIN ET AL., APPELLEES; HAMILTON CTY. WELFARE DEPT.

(No. C-860164—Decided January 30, 1987.)

*Simon, Namanworth & Bohlen* and *Steven E. Simon,* for appellants.

*McCaslin, Imbus & McCaslin* and *Philip J. Marsick,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Plaintiff-appellant Edward Lee ("Lee") and his passenger were injured when the motor scooter ("moped") upon which they were travelling was struck by a Queen City Metro bus on August 17, 1983. On October 4, 1983, Lee, who was seventeen years of age, filed a complaint by and through his mother, appellant Carrie Lee, against appellees Queen City Metro and Curtis F. Baldwin, Jr., the driver of the bus.[1]

The cause was tried in the court below with the intervention of a jury which determined that Lee had sustained damages in the amount of

---

[1] Carrie Lee was a party plaintiff to the instant proceedings as a result of expenses she incurred on behalf of her son. Additionally, the complaint designated the Hamilton County Welfare Department as a party defendant in order to determine monies due that agency for medical expenses it paid on behalf of Edward Lee. That department is not a party to the instant appeal, which we have removed from this court's accelerated calendar and restored to the regular calendar of cases.

$225,000. The jury further found that Lee was sixty-five percent negligent at the time of the accident and that the appellees' negligence amounted to thirty-five percent. In addition, the jury awarded damages to Queen City Metro on its counterclaim against Lee for damage to the bus in the amount of $948.16.[2] On December 30, 1985, the court entered judgment in accordance with the jury's verdict.

On January 13, 1986, the appellants filed a motion for a new trial which the court below overruled on February 20, 1986. It is from the denial of this motion that the appellants bring this timely appeal in which they assert in a solitary assignment of error that:

"The trial court erred to plaintiffs'/appellants' prejudice by permitting an investigating police officer to testify, * * * that * * * it was his opinion that plaintiff had entered the intersection under a red light * * *, and the trial court erred when it denied plaintiff's [sic] motion for a new trial on this same issue * * *."

For the reasons that follow, we find the assignment of error to be meritorious.

The disputed opinion testimony was elicited on cross-examination of Cincinnati Police Officer Steven L. Ventre ("Ventre"). Ventre was called as a witness on behalf of the appellants during their case-in-chief. The officer testified that he had been on the force for five years and that he arrived at the scene of the accident approximately fifteen minutes after it had occurred. When Officer Ventre arrived at the scene, Lee and his passenger had already been placed in a rescue unit. The officer requested that other officers take witness statements, determined and marked where the injured boys had lain, took measurements and photographs, noted skidmarks, and timed the intersection traffic signal. Several days later, he obtained a statement from the bus driver, but he failed to question either Lee or his passenger.[3]

On cross-examination, counsel for the appellees, over appellants' objection, elicited Officer Ventre's opinion on causation and then proceeded to establish a foundation for that opinion as follows:

"[Counsel for Appellees]: And further returning to your report, officer, as I would understand it, at least, from your narrative, as a result of your official investigation, you came to the conclusion that the moped was proceeding on Liberty Street, had entered the intersection against the light, is that correct?

"[Counsel for Appellants]: Objection.

"THE COURT: Overruled. You may answer, if you know.

"[Ventre]: Yes, sir.
" * * *

"[Counsel for Appellees]: And applying those skills that you earned from * * * your training in the police division, in this particular case, you came to the conclusion that the moped had run the light?

"[Ventre]: Yes, sir.

"[Counsel for Appellants]: Objection.

"THE COURT: Overruled."

On appeal, the appellants contend that counsel for the appellees failed to

---

[2] The court's judgment entry reduced this amount to $616.20.

[3] Ventre explained that he was precluded from interviewing either Lee or his passenger on the day of the accident because of the serious nature of their injuries but suggested that they may have been interviewed by another police officer. However, the record does not indicate whether those interviews were memorialized or whether Ventre had access to them.

lay a sufficient foundation to qualify Ventre as an expert in motor vehicle accidents and that his opinion as a lay witness was inadmissible under Evid. R. 701. The appellees do not assert the admissibility of Officer Ventre's testimony as lay opinion under Evid. R. 701. Instead, they contend that Ventre was qualified as an expert and that his opinion was admissible under Evid. R. 702 and 704.

Evid. R. 701, 702 and 704 govern the admissibility of opinion testimony and provide respectively:

"RULE 701. Opinion Testimony By Lay Witnesses

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."

"RULE 702. Testimony By Experts

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

"RULE 704. Opinion On Ultimate Issue

"Testimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact."

We examine first the admissibility of the disputed testimony as lay opinion under Evid. R. 701. Evid. R. 701, in conjunction with Evid. R. 704, permits the rendering of a lay opinion on the ultimate issue to be decided by the trier of fact upon satisfaction of the Evid. R. 701 standards of admissibility. Pursuant to Evid. R. 701, lay opinion must be: (1) "rationally based on the percep-

tion of the witness," *i.e.*, the witness must have firsthand knowledge of the subject of his testimony and the opinion must be one that a rational person would form on the basis of the observed facts; and (2) "helpful," *i.e.*, it must aid the trier of fact in understanding the testimony of the witness or in determining a fact in issue. See *Wheeler* v. *Hendershot* (Nov. 28, 1984), Hamilton App. No. C-830891, unreported. Ventre testified on direct examination that he arrived at the scene of the accident approximately fifteen minutes after its occurrence. Thus, he lacked the requisite firsthand knowledge to express his opinion as a lay witness that Lee caused the accident by proceeding against the red light. Resultantly, we conclude that Ventre's opinion was inadmissible as lay witness opinion testimony under Evid. R. 701.

We further find Ventre's opinion inadmissible as expert testimony. Evid. R. 702 and 704 permit expert opinion on the ultimate issue to be determined by the trier of fact if: (1) the witness is qualified as an expert "by knowledge, skill, experience, training, or education"; and (2) "scientific, technical, or other specialized knowledge" will assist the trier of fact to understand the evidence or to decide an issue of fact. In the course of direct and cross-examination, Ventre's qualifications as a vehicular collision expert were sufficiently established. However, we find that Ventre's "expert" opinion that Lee proceeded against the red light provided nothing in the way of assistance to the jury in its determination of the ultimate issue of causation.

We note preliminarily that Ventre testified at length to taking measurements and photographs and to timing the intersection traffic signal. However, he failed to explain how the gathered data led him to the conclusion that Lee proceeded against the red light.

More significant, however, is our determination that the issue of whether Lee proceeded against the light, which is determinative of the ultimate issue of causation, was within the experience, knowledge and comprehension of the jury. The jury had before it the conflicting testimony of several disinterested eyewitnesses and the after-the-fact observations of Officer Ventre. From this evidence, the jury could readily draw the necessary inferences and conclusions without the aid of the officer's opinion. When, as here, the issue of causation was within the experience, knowledge and comprehension of the jury, expert opinion testimony based upon "scientific, technical, or other specialized knowledge" was unnecessary because it did not serve to assist the jury to understand the evidence or to determine a fact in issue. *Wheeler* v. *Hendershot, supra.* Rather, the officer's opinion tended to lend credibility to those witnesses who testified for the appellees and to discredit those witnesses presented by the appellants. *Id.* at 7. We, therefore, conclude that Officer Ventre's opinion was inadmissible as expert testimony under Evid. R. 702.

In reaching this conclusion, we are aware of the recent Ohio Supreme Court decision in *Schaffter* v. *Ward* (1985), 17 Ohio St. 3d 79, 17 OBR 203, 477 N.E. 2d 1116, the syllabus of which holds:

"Expert testimony with respect to the point-of-impact in motor vehicle accident cases is admissible if it will assist the trier of fact to understand the evidence or to determine a fact in issue. (Evid. R. 702, applied.)"

However, we perceive no distinction between the admissibility requirement set forth in our decision in *Wheeler* v. *Hendershot, supra,* that expert opinion testimony must be "helpful" and assist the trier of fact to understand the evidence or to determine a fact in issue, and the rule enunciated in the syllabus of the Supreme Court decision in *Schaffter* v. *Ward, supra.*

Turning to the appellants' challenge to the court's denial of their motion for a new trial, we note that Civ. R. 59 provides in pertinent part:

"(A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

" * * *

"(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application."

The record clearly discloses the appellants' timely objection to the opinion testimony of Officer Ventre. Upon the authority of *Wheeler* v. *Hendershot, supra,* we hold that the trial court erred as a matter of law by allowing Officer Ventre to express his opinion that Lee proceeded against the red light when such opinion was neither based upon the officer's independent observations nor helpful to the jury's understanding of the evidence. We, therefore, conclude that the court below erred in denying appellants' motion for new trial on that basis. Accordingly, we sustain the assignment of error, reverse the judgment of the court below and remand this cause to the court for further proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

SHANNON P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.