OPINION
Defendant-appellant, Regina H. Montgomery, appeals from a judgment of the Franklin County Court of Common Pleas whereby appellant was convicted of voluntary manslaughter with a firearm specification, pursuant to a jury trial.
In November 1998, appellant was indicted on a single count of murder with a firearm specification in the death of Latonya Joseph. The evidence introduced at the jury trial established the following pertinent facts. Appellant lived in a Columbus apartment with her boyfriend, James Morris. On October 23, 1998, appellant and Morris were involved in an argument with each other, whereupon appellant left the apartment. The next day, appellant returned to the apartment and found her boyfriend in bed asleep with Latonya Joseph. Appellant retrieved Morris' gun, which he kept in a boot near the bed, and fired two shots. Joseph was hit by the second shot and subsequently died.
As noted above, the jury found appellant guilty of the lesser offense of voluntary manslaughter with a firearm specification. The trial court sentenced appellant to nine years imprisonment on the manslaughter conviction with an additional consecutive term of three years imprisonment for the firearm specification.
Appellant appeals, raising three assignments of error:
ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT ON ALL MATTERS OF LAW NECESSARY FOR THE JURY TO CONSIDER ON THE ISSUE OF THE REQUIRED CRIMINAL INTENT AND THE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL BASED UPON COUNSEL'S FAILURE TO REQUEST THE PROPER JURY INSTRUCTIONS.
 ASSIGNMENT OF ERROR NUMBER TWO
 THE TRIAL COURT ERRED WHEN IT REFUSED TO ADMIT THE OPINION TESTIMONY OF THE STATE'S WITNESS, JAMES MORRIS, THAT IT DID NOT APPEAR THAT THE DEFENDANT WAS TRYING TO SHOOT ANYBODY WHEN THE SECOND AND FATAL SHOT WAS FIRED.
 ASSIGNMENT OF ERROR NUMBER THREE
 THE TRIAL COURT ERRED WHEN IT FAILED TO IMPOSE THE SHORTEST PRISON TERM AUTHORIZED FOR THE OFFENSE WHEN THE DEFENDANT HAD NOT PREVIOUSLY SERVED A PRISON TERM AND THE COURT FAILED TO PLACE ON THE RECORD FINDINGS WHICH WOULD HAVE ALLOWED FOR THE IMPOSITION OF A LONGER SENTENCE AND THE RECORD DOES NOT SUPPORT THE IMPOSITION OF ANY SENTENCE OTHER THAN THE SHORTEST PRISON TERM.
At trial, appellant claimed that, although she intentionally fired the gun, she did not do so with any specific intent to shoot anyone. In her first assignment of error, appellant asserts that the jury was unable to properly consider her defense and was, likewise, unable to reach a proper verdict in this case because the trial court failed to instruct the jury on the law pertaining to how anger can affect the mental thought process with regard to specific intent crimes, failed to instruct the jury on appellant's claim that Joseph's death was accidental, failed to provide an instruction that defines the mental element of reckless conduct so that the jury could have contrasted the two definitions of knowingly and recklessly when deliberating on the voluntary manslaughter charge, and erred when it stated that the jury could infer purpose to cause death from the use of a deadly weapon. We disagree.
Initially, we recognize that appellant failed to object to the instructions that were given to the jury before the jury retired to consider its verdict and, also, failed to request any of the additional instructions it now claims were needed. Thus, appellant has waived the alleged errors in the jury instructions. Crim.R. 30(A); State v. Stallings (2000), 89 Ohio St.3d 280, 292. However, we may address plain errors or defects affecting substantial rights, although they were not brought to the attention of the trial court. Crim.R. 52(B). We cannot find plain error unless we find that, but for the error, the outcome of the trial would clearly have been different. State v. Moreland
(1990), 50 Ohio St.3d 58, 62, citing State v. Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus; State v. Underwood
(1983), 3 Ohio St.3d 12, syllabus. The plain error rule is to be invoked only in exceptional circumstances to avoid a clear miscarriage of justice. Long, at paragraph three of the syllabus. Accordingly, we review appellant's first assignment of error under the plain error standard.
In her first assignment of error, appellant first asserts that the trial court erred in failing to instruct the jury on the law pertaining to how anger can affect the mental thought process with regard to specific intent crimes, and on appellant's claim that Joseph's death was accidental. Such claims relate to appellant's defense that she did not intend to shoot Joseph.
We review jury instructions in context of the overall charge rather than in isolation. State v. Price (1979), 60 Ohio St.2d 136, paragraph four of the syllabus. R.C. 2945.11 states that, "[i]n charging the jury, the court must state to it all matters of law necessary for the information of the jury in giving its verdict." However, a trial court is not required to give jury instructions that are redundant or immaterial. Bostic v. Connor
(1988), 37 Ohio St.3d 144, paragraph two of the syllabus.
Here, appellant received a jury instruction on involuntary manslaughter because of her contention that she did not intend to shoot Joseph. Specifically, the jury was instructed that it could find appellant guilty of involuntary manslaughter if it concluded that she caused the death of another as a proximate result of committing or attempting to commit the unlawful acts of discharging a weapon into a habitation, or within the city limits, or by knowingly causing another to believe that she would cause serious physical harm to them. As well, the trial court informed the jury that it could not find appellant guilty of murder unless it concluded that appellant purposely killed Joseph.
The trial court defined "purposely" and stated "[t]o do an act purposely is to do it intentionally and not accidentally." Additionally, the jury was instructed that it could find appellant guilty of voluntary manslaughter if it concluded that appellant knowingly caused the death of Joseph while appellant was under the "influence of sudden passion or a sudden fit of rage, either of which [was] brought on by serious provocation occasioned by the victim that [was] reasonably sufficient to incite the [appellant] into using deadly force." The trial court defined "knowingly" by stating:
 A person acts knowingly, regardless of the purpose, when that person is aware that the conduct will probably cause a certain result or that person is aware that the conduct will probably be of a certain nature. A person has knowledge of the circumstances when they are aware that such circumstances probably exist. * * *
Through these instructions, the trial court provided the jury with adequate legal information to allow it to consider whether Joseph's death was unintentional. Informing the jury on how anger can affect the mental thought process with regard to specific intent crimes, and on appellant's claim that Joseph's death was accidental, would not have added anything substantive to the jury instructions. Thus, the trial court's failure to provide the additional information to the jury does not amount to plain error.
As noted above, appellant also asserts that the trial court erred in failing to provide an instruction that defines the mental element of reckless conduct so that the jury could have contrasted the two definitions of "knowingly" and "recklessly" when deliberating on the voluntary manslaughter offense.
Appellant relies on our previous opinion in Columbus v.Akins (Sept. 27, 1984), Franklin App. No. 83AP-977, unreported. In Akins, the defendant was charged with child endangering, which contains the mental element of recklessness. We found that the trial court erred in refusing defendant's request to instruct on the mental element of negligence, stating:
 * * * A defendant in a criminal case is entitled to have the jury instructed as to findings it may make which will require a not guilty verdict * * *. Especially in an offense such as herein involved, it is appropriate that the jury be instructed as to the difference between merely acting negligently and acting recklessly, which is the requisite culpable mental state. * * * [Id.]
However, subsequently, we decided State v. Courtright
(Sept. 2, 1986), Franklin App. No. 86AP-34, unreported. InCourtright, the defendant, convicted of aggravated murder and kidnapping, urged that "the jury instructions should have included alternative definitions of states of mind below that of purposeful, the culpable mental state for aggravated murder; that the jury could better evaluate defendant's state of mind by comparing the terms purposeful, knowingly, recklessly, and negligently."
In responding to the defendant's assignment of error, we stated:
 It is true that this court in Columbus v. Akins (Sept. 27, 1984), No. 83AP-977, unreported (1984 Opinions 2494), did allow an additional definition of a state of mind be given the jury to compare with the mental state of recklessness. However, in that case we noted that the trial court failed to adequately explain to the jury all the parameters of the term recklessness and allowed an instruction to clarify the application of recklessness. Akins does not require a trial court to automatically instruct on all mental states. [Courtright.]
As a result, we concluded, in Courtright, that "the instructions were adequate to establish the difference between aggravated murder, murder, and involuntary manslaughter. There was no need to give the jury the requested special instructions." See, also, State v. Price (Sept. 25, 1990), Franklin App. No. 89AP-1120, unreported (following Courtright to uphold a trial court's decision to not instruct the jury on the definitions of the mental states of recklessness and negligence where the trial court instructed the jury on murder, voluntary manslaughter and involuntary manslaughter).
Similarly, in this case, we conclude that the trial court provided adequate instructions on the difference between murder, voluntary manslaughter and involuntary manslaughter. The instructions tracked the statutory language of the offenses and gave adequate instruction on the different offenses. Accordingly, we conclude that the trial court's failure to give a jury instruction on the definition of recklessness in this case does not constitute plain error.
Lastly, appellant contends that the trial court erred when it made the following statement when instructing the jury on the murder charge:
 If a wound is inflicted with a deadly weapon in a manner calculated to destroy life, the purpose to cause death may be inferred from the use of the weapon along with all the other facts and circumstances in evidence.
According to appellant, the statement represents an improper comment by the trial court on the facts of the case. However, we previously rejected this argument in State v. Smith
(Aug. 28, 1990), Franklin App. No. 90AP-6, unreported. In Smith, the trial court gave a jury instruction on inferring purpose to cause death from the use of a deadly weapon, which was identical to the above instruction given by the trial court in the present case. The defendant contended, in Smith, that the instruction was an improper judicial comment on the facts. We concluded that the trial court did not err in providing the instruction and indicated that the instruction "was a correct statement of applicable law and did not place undue weight upon a particular part of the evidence." Smith. Accordingly, under the rationale in Smith, we conclude that the trial court's statement, that the jury could infer purpose to cause death from the use of a deadly weapon, does not constitute plain error in this case.
Thus, based on the above, we find no plain error in the jury instructions provided by the trial court and conclude that the instructions did not prejudice appellant's trial. As such, we reject appellant's contention that she was denied effective assistance of counsel due to her trial counsel's failure to ensure that the jury receives adequate and proper instructions.Strickland v. Washington (1984), 466 U.S. 668, 687-688; State v.Madrigal (2000), 87 Ohio St.3d 378, 388-389.
Therefore, appellant's first assignment of error is overruled.
Appellant's second assignment of error concerns testimony from Morris, who was called by plaintiff-appellee, the state of Ohio. During cross-examination, appellant's trial counsel asked Morris to express an opinion on whether he thought appellant was trying to shoot anyone when she fired the second shot. Appellee objected to the question and the trial court sustained the objection. Appellant asserts that the trial court erred when it did not allow Morris to express an opinion on whether he thought that appellant was trying to shoot anyone. We disagree.
Evid.R. 701 governs opinion testimony by lay witnesses and states:
 If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue.
To satisfy the first requirement of Evid.R. 701, it must be determined whether the opinion of the lay witness is "one that a rational person would form on the basis of the observed facts."State v. Mulkey (1994), 98 Ohio App.3d 773, 784, quoting Lee v.Baldwin (1987), 35 Ohio App.3d 47, 49. We will not disturb a trial court's decision concerning lay witness testimony absent an abuse of discretion. Urbana ex rel. Newlin v. Downing (1989),43 Ohio St.3d 109, 113. An abuse of discretion involves "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
In this case, Morris testified that he did not see appellant fire either of the two shots. Thus, the record establishes that Morris did not know where appellant was aiming the gun when she fired the shots and was in no position to form an opinion on whether appellant intended to shoot anyone when she fired the second shot. Accordingly, we conclude that the trial court did not abuse its discretion when it did not allow Morris to express an opinion on whether he thought that appellant was trying to shoot anyone.
Appellant's second assignment of error is overruled.
Appellant's third assignment of error concerns the trial court's decision to sentence appellant to nine years imprisonment on the voluntary manslaughter conviction. Appellant asserts, and appellee agrees, that the trial court failed to find on the record facts to support a sentence greater than the shortest authorized prison term. We agree.
Appellant had not previously served a prison term. If the trial court decides to impose a prison sentence on an offender of a felony who has not previously served a prison term, the trial court is required to impose the shortest authorized prison term unless the trial court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. R.C. 2929.14(B).
The trial court is not required to explain its findings when deciding whether or not to impose the shortest authorized prison term. State v. Edmonson (1999), 86 Ohio St.3d 324, 326. However, under Edmonson, the record must reflect that the trial court made all the requisite findings when determining whether or not to impose the shortest authorized prison sentence on a felony offender who has not previously served a prison term. Id.
In this case, as noted above, the trial court sentenced appellant to nine years imprisonment for the conviction of voluntary manslaughter, a first-degree felony. The shortest authorized prison sentence for a first-degree felony is three years. R.C. 2929.14(A)(1). The trial court noted while imposing its sentence that "this is a felony of the first degree, it's manslaughter where a life has been taken, is extremely serious, extremely great loss to the family and others and it's the type of conduct which society just absolutely cannot condone."
We conclude that the above comments by the trial court do not comply with the requirements in R.C. 2929.14(B), that the trial court find that the shortest authorized prison sentence would demean the seriousness of appellant's conduct or would not adequately protect the public from future crime. As well, the record provides no indication that the trial court even considered the factors under R.C. 2929.14(B) when deciding not to impose the shortest authorized prison sentence on appellant.
Appellant contends that we have the authority to modify her sentence due the trial court's sentencing error. We agree that, under the pertinent provisions of R.C. 2953.08(G)(1), we "may increase, reduce, or otherwise modify a sentence that is appealed under this section" when we find that the sentence is contrary to law. However, R.C. 2953.08(G)(1) also gives us authority to remand a case for resentencing when the sentence is contrary to law. Similarly, we recognize that the Ohio Supreme Court, in Edmonson, remanded the case for resentencing after it concluded that the trial court imposed a sentence without making the findings and reasons required by the sentencing statute.Edmonson, at 329.
Here, the trial court has been involved with this case during pretrial proceedings, trial and sentencing. Thus, the trial court has gained familiarity with appellant and the facts of this case. Therefore, we conclude that it is appropriate to remand this matter to allow the trial court to impose a sentence in accordance with the statute. Therefore, appellant's third assignment of error is sustained.
In summary, appellant's first and second assignments of error are overruled, and appellant's third assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.
GEORGE, J., retired, of the Ninth Appellate District, assigned to active under authority of Section 6(C), Article IV, Ohio Constitution.