[Cite as *Hand v. Ohio Dept. of Rehab. & Corr.*, 2013-Ohio-4341.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jeffrey A. Hand, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 12AP-946 |
| | | (Ct. of Cl. No. 2011-07192) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on September 30, 2013

*Swope and Swope*, and *Richard F. Swope*, for appellant.

*Michael DeWine,* Attorney General, and *James P. Dinsmore*, for appellee.

APPEAL from the Court of Claims of Ohio

CONNOR, J.

{¶1} Plaintiff-appellant, Jeffrey A. Hand ("appellant"), filed a negligence action against defendant-appellee, Ohio Department of Rehabilitation and Correction ("appellee"). After a bifurcated trial before a magistrate, the magistrate found in favor of appellee on the liability issue. The Court of Claims of Ohio overruled appellant's objections and ruled in appellee's favor. Appellant filed a timely appeal. For the following reasons, we reverse the decision of the Court of Claims.

{¶2} Appellant has been an inmate in the custody and control of appellee at the Grafton Correctional Institution ("GCI") since December 2007. On November 23, 2010,

while working as part of the GCI farm program, appellant was injured, breaking his right femur bone, when the tractor he was driving rolled over.

{¶3} Appellant testified that his job assignment on that day was to drive a tractor and haul corn stalks which had previously been baled, from the field to the barn area. He traveled approximately two miles each way. The first tractor he used that day was not a four-wheel drive and the field was muddy, so he needed to trade tractors. The tractor he used was the only available four-wheel drive tractor. The tractor was operable, but needed work because there were problems with the clutch. The tractor would jump or lurch whenever it was put into gear. Appellant stated that the supervisors were aware of the problem. He had operated this tractor "[h]undreds of times" before the accident, but even though he had problems with the clutch "[e]very day," nothing in particular happened to put him on notice that the tractor would fail. (Tr. 18-19.) He did not make written complaints regarding the tractor, but did make verbal complaints.

{¶4} Appellant described the accident, stating that he drove on State Route 83, made a left turn onto an access road along the field and as he approached the field, he pushed in the clutch, slowed down and put the tractor into second gear. As he entered the turn to the gravel road, the "tractor kicked into gear, shot up on two wheels, went down a little embankment there, fell on the left side and slid to a stop." (Tr. 19.) He estimated he was traveling at six or seven miles per hour. He stated he did not believe he did anything to cause the accident.

{¶5} Terry Cradlebaugh, another inmate at GCI, testified he worked as a part-time mechanic and tractor operator on the farm. He worked on this tractor because of a continuing clutch problem. There were many adjustments made to the clutch, but it was not entirely fixed because he believed the tractor needed a new clutch and pressure plate. Cradlebaugh testified that he was told the needed repairs were not to be made because there were budget problems regarding acquiring new parts. He told Paul Dillon, a correctional farm coordinator, about the problems regarding the clutch.

{¶6}   Another inmate who drove tractors, Jeffrey Woods, testified the tractors were driven hard by the inmates and were "raggedy or beat up." The tractors were "junk." (Tr. 107-08.)

{¶7}   Dillon, a correctional farm coordinator who was not on duty the day of the accident, testified that he did not have a specific memory of Cradlebaugh telling him that one of the tractors needed clutch repair, but it may have happened. Dillon did say that appellant had complained about the clutch and they had discussions regarding maintenance.

{¶8}   Thomas J. Thompson, a corrections officer at GCI was employed as a correctional farm coordinator at the time of the accident. He testified that Cradlebaugh did not tell him there was a problem with the clutch and appellant did not report a problem with the tractor that day. He testified that inmates are told if they are not comfortable running the equipment, they do not have to do so. And if an inmate felt that equipment was unsafe, they were told not to use it. On the day of the accident, he spoke to the farm manager and the highway patrol and, based upon those discussions, he was asked what he believed was the cause of the accident. Appellant's attorney objected and the objection was sustained. (Tr. 132-33.) Subsequently, he was asked if he ever had problems with the clutch improperly engaging and causing the tractor to lurch forward and raise the front wheels off the ground and he responded, "No. The tractor doesn't have the ability to do that[.]" When asked why he believed that, he responded, "Because of the weight of the tractor and the horse power of the tractor." (Tr. 140.) Appellant's attorney again objected and the magistrate overruled the motion to strike the record and said he would weigh the evidence. (Tr. 141.)

{¶9}   The magistrate found that appellant failed to establish his claim of negligence. The magistrate further found, as follows:

> [T]hat plaintiff failed to take reasonable steps to ensure his own safety and that such a failure was the proximate cause of his injuries. The court finds that the testimony presented regarding the condition of the tractor and its alleged clutch issues was unreliable. The court was not presented with any evidence regarding maintenance performed on the tractor before or after the accident or any other evidence to

> conclusively establish that the clutch was malfunctioning at the time of the accident. Nevertheless, to the extent that the clutch was malfunctioning, plaintiff testified that he was aware of the issue and had operated the tractor "hundreds of times" prior to the incident. Yet, he chose to operate it on the day in question instead of bringing the problem to the attention of a staff member. In light of the fact that plaintiff had exclusive control over the tractor at the time of the accident, and without any credible evidence otherwise, the only reasonable conclusion to draw is that the accident was caused by an operating error on the part of plaintiff.

(June 18, 2012 Decision of the Magistrate, 3-4.)

{¶10} The Court of Claims, in overruling appellant's objections, concurred with the magistrate's finding that the testimony regarding the condition of the tractor and its clutch problems was unreliable. Further, although the Court of Claims found that Thompson's opinion regarding the mechanical capabilities of the tractor may be a subject better left to an expert; the court determined that the magistrate did not rely on this particular testimony in making a determination regarding liability and found the admission of this testimony harmless error. The court found that the magistrate's decision was supported by the greater weight of the evidence because appellant failed to convince the magistrate that poor maintenance and repair was a proximate cause of the accident.

{¶11} Appellant filed a timely notice of appeal and raised the following assignments of error:

> Assignment of Error No. 1: The Magistrate and Trial Court erred in failing to accept Farm Coordinator Dillon's admission that the tractor Appellant operated was poorly maintained and the admission Hand complained about the tractor, as well as the age of the tractor and the lack of maintenance caused by budget restraints, which resulted in knowingly providing defective, unsafe equipment to Plaintiff-Appellant.

> Assignment of Error No. 2: The Magistrate and Trial Court erred in failing to accept the uncontradicted evidence that the tractor's clutch malfunctioned before the accident,

without repair, and the surge and lurch caused the tractor to pull up and tumble down a small embankment.

Assignment of Error No. 3: The Magistrate and Trial Court failed to consider the Defendants were the sole responsible agency for repair and maintenance and they offered no other evidence of the cause of the surge and lurch that caused the action.

Assignment of Error No. 4: The Magistrate and Trial Court erred in admitting Coordinator Thompson's opinion the accident could not have been caused by the clutch, over objection and motion to strike.

Assignment of Error No. 5: The Magistrate's and Trial Court's Decisions are against the manifest weight of the evidence.

{¶12}  Appellant's fourth assignment of error is dispositive of this appeal.  In his fourth assignment of error, appellant contends that the magistrate and the Court of Claims erred in admitting Thompson's opinion that the accident could not have occurred the way appellant described it as occurring.

{¶13}  Thompson was not recognized as an expert during the trial, thus, his testimony and opinion must be reviewed as a lay witness.  Evid.R. 701 relates to lay witness testimony, and provides as follows:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue

{¶14}  Evid.R. 701 gives trial courts wide discretion in allowing lay witness opinion testimony.  *State v. Kehoe*, 133 Ohio App.3d 591, 607 (12th Dist.1999).  Therefore, "this court will not disturb a trial court's decision concerning such testimony absent an abuse of discretion and some demonstration that the court's abuse of discretion 'materially prejudiced the objecting party.' "  *State v. Bond,* 10th Dist. No. 11AP-403, 2011-Ohio-6828, ¶ 14, citing *Urbana ex rel. Newlin v. Downing*, 43 Ohio

St.3d 109, 113 (1989); *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). In order to satisfy the requirement that the opinion testimony must be rationally based on the perceptions of the witness, the opinion of the lay witness must be " 'one that a rational person would form on the basis of the observed facts.' " *State v. Mulkey*, 98 Ohio App.3d 773, 784 (10th Dist.1994), quoting *Lee v. Baldwin*, 35 Ohio App.3d 47, 49 (1st Dist.1987).

{¶15} In this case, Thompson's opinion constitutes an impermissible lay opinion under Evid.R. 701. Thompson did not witness the accident, nor is his opinion testimony helpful to the trier of fact. It was not helpful to a clear understanding of his testimony or the determination of the mechanical capabilities of the tractor or how the accident could occur because he is not a mechanical engineer, accident reconstructionist, or other qualified expert.

{¶16} Although the Court of Claims found that the magistrate did not rely on Thompson's testimony and therefore, found the error harmless, the magistrate did find the testimony regarding the condition of the tractor and its alleged clutch issues unreliable. Thompson's opinion that the accident could not have occurred in the manner described by appellant seriously disputes appellant's version of the accident, who was the only eyewitness. Appellant and Cradlebaugh testified that the tractor had clutch problems. Woods testified all the tractors were "raggedy or beat up" and "junk." (Tr. 107-08.) Farm coordinator Dillon testified he was aware that the tractors needed repairs and that appellant had complained about the clutch. (Tr. 118.) Given that the magistrate admitted the testimony and stated she would "weight the evidence," it seems clear that the magistrate relied on Thompson's testimony to discount the other testimony.

{¶17} Furthermore, during oral argument to this court, appellee's attorney admitted that he believed the court found operator error was the cause of the accident because of Thompson's testimony that the accident could not have occurred in the manner as described by appellant. Thus, the magistrate abused his discretion in admitting the inadmissible testimony because reliance on this testimony materially prejudiced appellant. Appellant's fourth assignment of error is sustained.

{¶18} Based on our ruling on the fourth assignment of error, the first, second, third and fifth assignments of error are rendered moot.

{¶19} For the foregoing reasons, appellant's fourth assignment of error is sustained and the first, second, third, and fifth assignments of error are rendered moot. The judgment of the Court of Claims of Ohio is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed;*
*cause remanded.*

SADLER and McCORMAC, JJ., concur.

McCORMAC, J., retired, formerly of the Tenth Appellate
District, assigned to active duty under the Ohio Constitution,
Article IV, Section 6(C).

_____