[Cite as *State v. Bachtel*, 2022-Ohio-361.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210259 |
| | | TRIAL NO. C-20CRB-20224 |
| Plaintiff -Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| ANDREA BACHTEL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  February 9, 2022

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Ronald Springman,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *David Hoffman*, Assistant Public Defender, for Defendant-Appellant.

**Bock, Judge.**

{¶1} Defendant-appellant Andrea Bachtel appeals her conviction for theft under R.C. 2913.02(A)(1). Bachtel contends that the trial court committed evidentiary errors, that the evidence was insufficient to support her conviction, and that her conviction was against the manifest weight of the evidence. We disagree and affirm the trial court's judgment.

## I.     Facts and Procedure

{¶2} In October 2020, Bachtel went shopping at Dillard's, a department store in Kenwood, Ohio. Cheyenne Rheingold worked in the store's security room and recorded Bachtel on the store surveillance cameras.

{¶3} The surveillance video, which was admitted into evidence, depicts Bachtel, with a purse and large shopping bag in hand, as she gathered ten items of clothing from the store shelves. Rheingold focused the camera on the clothes to discern their characteristics. Bachtel entered the store's fitting room with the ten items of clothing, her purse, and the large shopping bag. After several minutes, Bachtel exited with "five items in her hand." Bachtel returned three clothing items to the store shelves before purchasing a dress and a black sweater.

{¶4} After Bachtel left the store, security and store managers escorted her back into the store and brought her into the store's apprehension room. The apprehension room adjoined Rheingold's office, but Rheingold could not see Bachtel in the apprehension room. Bachtel was arrested and charged with petty theft under R.C. 2913.02(A)(1).

{¶5} At trial, the state introduced the surveillance videos, photographs of clothes allegedly stolen from the store, and testimony from both Rheingold and the arresting officer.

{¶6} Rheingold testified that store managers recovered five articles of clothing from Bachtel in the apprehension room and delivered the clothes to Rheingold's office. Bachtel twice objected and argued that Rheingold lacked the requisite first-hand knowledge to testify that the merchandise had been recovered from Bachtel. The court overruled those objections.

{¶7} Rheingold identified the merchandise delivered to her as the same merchandise that she watched Bachtel collect from the store's clothing racks earlier in the day. Rheingold testified that she photographed clothing identical to those recovered from Bachtel pursuant to a store policy because the tags had been removed from the five items of clothing.

{¶8} At the close of the state's case, Bachtel moved for an acquittal under Crim.R. 29 and argued that the state had failed to present any evidence that unpaid Dillard's merchandise was recovered from Bachtel. The trial court denied the motion.

{¶9} Following closing arguments, the trial court found Bachtel guilty of theft in violation of R.C. 2913.02(A)(1) and reasoned that it was "allowed to draw inferences[,] and direct and circumstantial evidence can carry equal weight or whatever weight I attach to them."

{¶10} Bachtel appeals.

## II. Law and Analysis

{¶11} In her first assignment of error, Bachtel contends that the trial court committed prejudicial error when it allowed Rheingold to testify that store managers

recovered store merchandise from Bachtel in the apprehension room. In her second assignment of error, Bachtel challenges the evidence underlying her conviction for theft under R.C. 2913.02(A)(1) as against the manifest weight of the evidence and insufficient as a matter of law.

### A. Lay Witness Testimony

{¶12} Trial courts have broad discretion over the admission of lay testimony. *State v. Lavender*, 2019-Ohio-5352, 141 N.E.23d 1000, ¶ 9 (1st Dist.), citing *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 175, ¶ 61, quoting *State v. Issa*, 93 Ohio St.3d 49, 64, 752 N.E.2d 904 (2001). We review a trial court's ruling on evidentiary issues for an abuse of discretion and proof of material prejudice. (Citations omitted.) *Lavender* at ¶ 9. A trial court abuses its discretion when "the court's attitude is unreasonable, arbitrary, or unconscionable." *Hensel v. Childress*, 2019-Ohio-3934, 145 N.E.3d 1159, ¶ 6 (1st Dist.), quoting *Thoma Opticians, Inc. v. Barnes, Dennig & Co.*, 151 Ohio App.3d 566, 2003-Ohio-673, 784 N.E.2d 1207, ¶ 13 (1st Dist.). To determine if the defendant was materially prejudiced, we "consider both the impact that the offending evidence had on the verdict and the strength of the remaining evidence." *State v. Carson*, 1st Dist. Hamilton No. C-180336, 2019-Ohio-4550, ¶ 29.

{¶13} Rheingold testified that store managers recovered merchandise from Bachtel in the apprehension room and delivered that merchandise to Rheingold's office. Bachtel argues that Rheingold could not see into the apprehension room and therefore lacked personal knowledge to testify that the merchandise delivered to her office was recovered from Bachtel.

{¶14} In Ohio, a lay witness can testify to "opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Evid.R. 701. Testimony is rationally based on the perception of a witness if the opinion is one that a rational person would form based on the observed facts. *Lee v. Baldwin,* 35 Ohio App.3d 47, 49, 519 N.E.2d 662 (1st Dist.1987). Put another way, "lay testimony results from a process of reasoning familiar in everyday life." *Lavender* at ¶ 95, citing *State v. McKee*, 91 Ohio St.3d 292, 297, 744 N.E.2d 737 (2001), fn. 2.

{¶15} After our review of Rheingold's testimony, we find that it satisfied the requirements of Evid.R. 701. That testimony consisted of inferences based on observed facts. Rheingold observed Bachtel as she gathered ten items from the store shelves and entered the fitting room. Rheingold watched as Bachtel returned three items to the store's shelves and paid for two items. Rheingold witnessed store managers as they accompanied Bachtel through the store and into the apprehension room. Rheingold watched as those managers exited from the apprehension room with merchandise and delivered merchandise to her office. That merchandise was sold by the store and matched the merchandise that Rheingold witnessed Bachtel selecting from the store shelves. Those observed facts create a rational inference for Rheingold that the merchandise delivered to her was recovered from Bachtel.

{¶16} Therefore, the trial court did not abuse its discretion when it allowed Rheingold to testify that store managers recovered store merchandise from Bachtel. Finding no abuse of discretion, we need not address Bachtel's prejudice argument. Bachtel's first assignment of error is overruled.

**B. Sufficiency of the Evidence**

{¶17} Turning to her second assignment of error, Bachtel maintains that the evidence presented at trial was insufficient to support her conviction for theft under R.C. 2913.02(A).

{¶18} A challenge to the sufficiency of the evidence presents this court with a question of law that we review de novo. *State v. Dent*, 163 Ohio St.3d 390, 2020-Ohio-6670, 170 N.E.3d 816, ¶ 15, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). This court views the evidence in a light most favorable to the prosecution and asks if the evidence would convince a rational trier of fact that the defendant committed the essential elements of the crime beyond a reasonable doubt. *State v. Anderson*, 1st Dist. Hamilton No. C-160920, 2017-Ohio-8641, ¶ 10, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. We assume that testimony from a state's witness was truthful and determine if the elements of that testimony satisfied the elements of the crime. *State v. Bankston,* 10th Dist. Franklin No. 08-AP-668, 2009-Ohio-754, ¶ 14.

{¶19} R.C. 2913.02(A)(1) states, in relevant part, that "[n]o person, with the purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent." Thus, the state must prove that the accused knowingly exerted control over the property, without consent, and with the purpose to deprive the owner of that property. *State v. Jennings*, 8th Dist. Cuyahoga No. 99631, 2013-Ohio-5428, ¶ 25. Direct or circumstantial evidence will suffice. *Id.*

{¶20} Bachtel contends that the state relied on improper testimony from Rheingold to establish the elements of theft under R.C. 2913.02(A)(1). Bachtel repeats the argument made in her first assignment of error—that Rheingold lacked first-hand knowledge to testify that she was handed merchandise recovered from Bachtel. We disagree.

{¶21} As discussed above, the surveillance footage and testimony sufficiently established that Bachtel gathered ten items from the store's shelves, paid for two items, and returned three to the store's shelves. Further, it established that store managers recovered the other five items of clothing from Bachtel. Rheingold testified that Bachtel took these items without the consent of Dillard's. As a result, we find that there was sufficient evidence to support Bachtel's conviction.

{¶22} According to Bachtel, inferring that the merchandise delivered to Rheingold was the same merchandise that Bachtel had gathered from the clothing racks constitutes impermissible inference stacking. Inference stacking exists when an inference is drawn solely from an initial inference and is unsupported by additional facts. *State v. Johnson*, 1st Dist. Hamilton No. C-170371, 2018-Ohio-4131, ¶ 52, quoting *State v. Hill*, 1st Dist. Hamilton No. C-030678, 2004-Ohio-2275, ¶ 9, quoting *Hurt v. Charles J. Rogers Transp. Co.*, 164 Ohio St. 329, 130 N.E.2d 820 (1955), paragraph two of the syllabus. But a trier of fact can draw parallel inferences, where an inference is reasonably based, in part, on an inference and, in part, on facts. (Citations omitted.) *Johnson* at ¶ 52. The inference that the merchandise delivered to Rheingold was gathered by Bachtel before entering the fitting room relies on Rheingold's identification of the merchandise based on the surveillance footage.

7

{¶23} Therefore, a rationale trier of fact could find, based on Rheingold's testimony and the surveillance footage in the record, that the essential elements of theft under R.C. 2913.02(A)(1) were proven beyond a reasonable doubt.

**C. Manifest Weight**

{¶24} Bachtel maintains that her conviction was against the manifest weight of the evidence. We will reverse a conviction as against the manifest weight of the evidence if the record demonstrates that the trial court lost its way and created a miscarriage of justice when it found the defendant guilty. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264,¶ 25, quoting *Thompkins*, 78 Ohio St.3d at 387, 67 N.E.2d 541. Our review of the record consists of weighing the evidence and all reasonable inferences and considering the credibility of witnesses. *Wilson* at ¶ 25, quoting *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541. A manifest-weight challenge "addresses the evidence's effect of inducing belief" and we ask "whose evidence is more persuasive—the state's or the defendant's?" *Wilson* at ¶ 25, citing *Thompkins* at 386-387.

{¶25} Bachtel argues that Rheingold's contradictory testimony on cross-examination compromised her credibility. Specifically, Bachtel reasons that Rheingold failed to disclose that the photographs entered into evidence depicted duplicates of the merchandise delivered from the apprehension room. But Rheingold explained that she did so to comply with the store's policy that Dillard's tags must be attached to merchandise in photographs. Based on the evidence presented by the state and the store policy, we cannot say that the trial court lost its way and created a manifest miscarriage of justice when it found Bachtel guilty of theft. Therefore, we overrule Bachtel's second assignment of error.

## Conclusion

{¶26} Bachtel's two assignments of error are overruled. The trial court's judgment is affirmed.

Judgment affirmed.

**CROUSE, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.