CITY OF COLUMBUS, APPELLEE, *v.* BAILEY, APPELLANT.

(No. 6840—Decided February 13, 1962.)

*Mr. Russell Leach*, city attorney, *Mr. Bernard Chupka* and *Mr. Robert M. Duncan*, for appellee.
*Mr. Donald H. Tishman*, for appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment and final order of the Court of Common Pleas of Franklin County, which court affirmed the judgment of the Columbus Municipal Court. It appears that appellant, on July 2, 1960, was arrested by the Columbus police department on charges of operating a motor vehicle while under the influence of alcohol and operating a motor vehicle at a greater speed than would permit her to stop within the assured clear distance ahead.

The arrest took place following a collision in which a car occupied by Charles Sowards was struck from behind by another car.

The case came on for trial before a judge and jury in the Columbus Municipal Court on October 25, 1960, and a verdict of guilty of operating a motor vehicle under the influence of alcohol was returned against Florence Bailey, the defendant.

It was the claim of the prosecution that Florence Bailey was the driver and operator of the motor vehicle which struck Sowards' car. Sowards testified that there were two people in the car which struck his car, a man and a woman. He identified defendant as one of those in the car which hit his automobile and stated there was also a man in that car. Sowards

first stated that he saw defendant driving, but later qualified his answer by stating that he first saw defendant when she got out of the other car and that she got out of that car about the same time that Sowards got out of his car.

There was evidence in the record which, if believed by the jury, would indicate clearly that the man in the automobile to the rear was sitting on the right-hand side and was still sitting there when Sowards got out of his car. There was also evidence in the record indicating that there were two people in the car, that defendant got out of the car about the same time Sowards did, and that defendant got out of the rear car on the driver's side about the same time Sowards did.

Defendant makes two assignments of error which, in substance, are (1) that the verdict is not supported by sufficient evidence and (2) error of the court in overruling the motion to dismiss made by defendant at the close of the prosecution's case.

The principal contention advanced on behalf of defendant at the time of oral argument in this case was that the evidence adduced on behalf of the prosecution was insufficient, that Sowards had retreated from his original position in testifying that he saw defendant driving and later testified that he did not see her until the cars had come to rest after the collision had occurred and he and defendant were getting out of their automobiles. In the simplest terms, the argument on behalf of defendant is that proof that defendant got out of the left-hand, or driver's side, of the rear automobile almost immediately after the collision gives rise to the inference that she was inside the automobile but does not permit the alleged additional inference that she was driving the car. With that, we find ourselves in disagreement. When a collision occurs and one of the cars involved contains two passengers, and almost immediately after the accident one of those passengers gets out of the left-hand or driver's side, we believe it is a logical and reasonable inference not just that the one who got out on the left-hand side was merely a passenger but that such person was the driver of the car. Hence, there is no inference on an inference here.

In our opinion, there is sufficient evidence in the record to support the verdict and judgment of the trial court, the Com-

mon Pleas Court of Franklin County was correct in affirming that verdict and judgment, and the errors assigned in this court are not well taken and must be overruled. The judgment of the court below is affirmed and the cause remanded.

*Judgment affirmed.*

DUFFEY, P. J., BRYANT and DUFFY, JJ., concur.