OPINION
This is a timely appeal from Appellant's conviction in the Belmont County Court, Western Division, on one count of driving under the influence ("DUI") and one count of failure to control. Appellant argues that there was insufficient evidence that he was the driver of the vehicle. Contrary to Appellant's assertion, there is considerable evidence that he operated the vehicle and the decision of the trial court is affirmed.
On July 10, 2000, an automobile crossed the median and flipped over on Interstate 70 in Belmont County, near Barnesville, Ohio. Appellant and Richard Burcher ("Burcher") were the only occupants of the vehicle. The vehicle was owned by Appellant's wife. Two officers of the Ohio State Highway Patrol stopped to investigate the accident. Neither officer saw Appellant in the driver's seat of the vehicle. At the scene of the accident, Appellant appeared intoxicated and refused to submit to a urine, breathalyzer or field sobriety test.
Appellant was arrested and charged with one count of DUI, second offense, in violation of R.C. § 4511.19(A)(1); one count of driving under suspension in violation of R.C. § 4507.02(B); and one count of failure to control in violation of R.C. § 4511.202. All of these are misdemeanor offenses.
The case was tried to the court beginning on January 2, 2001, and was continued to January 30, 2001. On January 31, 2001, the court found Appellant guilty of DUI and failure to control. On February 27, 2001, Appellant was sentenced to 45 days in jail, with 30 days suspended; a fine of $1250; two years of unsupervised probation and an 18-month license suspension. Appellant filed this timely appeal on March 13, 2001.
Appellant's sole assignment of error asserts:
 "THE RECORD CONTAINS INSUFFICIENT EVIDENCE TO SUPPORT A FINDING THAT THE APPELLANT WAS THE DRIVER OF THE VEHICLE AND, AS A RESULT, THE STATE FAILED TO PROVE ITS CASE BEYOND A REASONABLE DOUBT."
Appellant argues that an essential element of a charge of DUI under R.C. § 4511.19(A)(1) is that the accused is found to have operated a motor vehicle. Appellant argues that no testimony identifies him as the operator of the vehicle.
Appellant contends that, at a minimum, Appellee needed to provide evidence that someone saw him exit the driver's side of the vehicle, citing City of Columbus v. Bailey (1962), 115 Ohio App. 19, in support. Based on the record herein, however, Appellant's argument is not convincing.
The standard of review for sufficiency of the evidence is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Smith (1997),80 Ohio St.3d 89, 113. Appellant's argument turns on the credibility of the witnesses, which is primarily for the trier of fact to determine.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of syllabus.
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Sufficiency is a term of art referring to that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
Appellee agrees with Appellant that there must be proof that Appellant operated the vehicle to sustain a conviction for DUI. Appellee asserts that the term "operate" means more than merely driving. Appellee is correct. "Operation of a motor vehicle within contemplation of the statute is a broader term than mere driving and a person in the driver's position in the front seat with the ignition key in his possession indicating either his actual or potential movement of the vehicle while under the influence of alcohol or any drug of abuse can be found in violation of R.C. 4511.19(A)(1)." State v. Cleary (1986),22 Ohio St.3d 198, 199.
The purpose of R.C. § 4511.19 is to discourage people from putting themselves in a position where they could potentially move the vehicle while intoxicated. State v. Gill (1994), 70 Ohio St.3d 150, 154.
The evidence reveals the following: Dan Hoffman ("Hoffman"), a passing truckdriver, testified that when he stopped at the accident scene, Appellant was outside the vehicle and Burcher was unconscious in the passenger seat. (Tr. 7). Hoffman positively identified Appellant as the man he saw outside of the vehicle. (Tr. 7). Hoffman testified that he helped Appellant move the car off the highway. (Tr. 10-11). Lt. Gary Weldon testified that Burcher had a cut on his right hand, that the passenger side window was broken and that Burcher told him that he cut his hand on the broken window. (Tr. 15). Lt. Weldon testified that Appellant did not have injuries. (Tr. 15). Appellant testified that he and Burcher were in Belmont County to set up tent sites for "Jamboree in the Hills". (Tr. 56-57). Appellant admitted he left the "Jamboree in the Hills" campsite with Burcher in his wife's vehicle. (Tr. 57-58, 62). Appellant admitted that he was in the vehicle during the accident, but claims he was the passenger and Burcher was the driver. (Tr. 59). Appellant testified that the vehicle continued to run after the accident and that he sat in the driver's seat and attempted to move the vehicle. (Tr. 60-61).
Appellant claims that Burcher had been driving and that he pushed Burcher over to the passenger side after the accident. The trial court apparently discounted this evidence, but undoubtedly credited Appellant's testimony confirming that he was an occupant of the vehicle at the time of the accident. The trier of fact is free to believe part, all, or none of the testimony of any witness. State v. Jackson (1993),86 Ohio App.3d 29, 33.
The trial court could easily infer that, in a moving motor vehicle with only two occupants, the person unconscious in the passenger seat was not the driver, leaving the other occupant as the driver by the process of elimination. Additionally, Appellant admitted he operated the motor vehicle after the accident. The fact that the vehicle was owned by Appellant's wife also supports the inference that Appellant was driving. Finally, the cut on Burcher's hand, apparently from the broken passenger side window, bolsters the view that Burcher was the passenger.
It is unclear why Appellant cites City of Columbus v. Bailey, infra. That case stands for the proposition that a jury may infer that a person was driving a car if the person was seen exiting the driver's side immediately after a collision. Bailey, supra, at 20. It does not stand for a requirement that the state must produce evidence that the accused exited the driver's side of the vehicle. As such, Bailey is inapposite to the case at bar.
Appellant's assignment of error is overruled and his conviction and sentence are hereby affirmed.
Donofrio, J., concurs.
Vukovich, P.J., concurs.